RILEY SAFER HOLMES & CANCILA LLP
MEGHAN R. MCMEEL (CSB No. 284841)
*mmcmeel@rshc-law.com*
ALISON MADDEFORD (CSB No. 248523)
*amaddeford@rshc-law.com*
111 New Montgomery Street, Suite 600
San Francisco, CA  94105
Telephone:   (415) 275-8550
Facsimile:    (415) 275-8551

Attorneys for Defendants
ALCATEL-LUCENT USA INC., AT&T CORP.
AND PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVIDSON, an individual; PEARL DAVIDSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ALCATEL-LUCENT USA INC., *et al.*,<br><br>Defendants. | Case No. _____<br><br>(Alameda County Superior Court, Case No. RG16825351)<br><br>**ALCATEL-LUCENT USA INC., AT&T CORP. AND PACIFIC BELL TELEPHONE COMPANY'S JOINT NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1442, and 1446, Defendants Alcatel-Lucent USA Inc., AT&T Corp., and Pacific Bell Telephone Company remove this action, Case No RG16825351 in the Superior Court for Alameda County, California, to the United States District Court for the Northern District of California.  The basis for Defendants' removal of this action is set forth below:

**Procedural Compliance**

1. All Defendants consent to and have joined in this removal.[1]

2. The Superior Court for Alameda County, California, is located within the Northern District of California.  Therefore, venue is proper because this district

---
[1] Nokia USA Inc. was dismissed from this action.

1. is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2. 3. The grounds for removal, "federal enclave" and "federal officer" jurisdiction are not apparent on the face of the Complaint, and were not disclosed until Mr. Davidson's deposition on September 27 and 28, 2016. Therefore, this Notice of Removal is timely filed within thirty days of Defendants' receipt of information "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

4. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendants in this action are attached as Exhibit B.

5. A copy of this Notice of Removal has been filed with the Superior Court for Alameda County, California, and served on Plaintiffs' counsel.

## Background

6. On July 29, 2016, Plaintiffs William and Pearl Davidson filed a seven-count Complaint against Defendants in the Superior Court for Alameda County, California. (*See* Compl., Ex. A).

7. In their Complaint, Plaintiffs allege that, from the 1950s to the 1970s, Mr. Davidson was exposed to asbestos while working as an installer and engineer for Western Electric Company[2] and AT&T Corp. (Compl., ¶ 7).

8. Plaintiffs' also claim that, in his work for Western Electric and AT&T, Mr. Davidson was exposed to asbestos from products supplied by Western Electric.

9. Plaintiffs further allege that, as a result of exposure to asbestos while working for Western Electric and AT&T, Mr. Davidson developed a cancer called mesothelioma. (Compl., ¶ 9).

10. Mr. Davidson was deposed on September 27 and 28, 2016.

11. During his deposition, Mr. Davidson testified that some of the work

---

[2] For purposes of this action, Alcatel-Lucent USA Inc. is the successor in interest to Bell Labs and Western Electric Company.

for which he claims exposure occurred during the years 1960-1962, while he was working for AT&T at Fort Yukon Air Force Station in Fort Yukon, Alaska.

12. Mr. Davidson also claims he worked for AT&T at military bases in Paris, France and Stuttgart, Germany in the late 1960s.

13. Construction on Fort Yukon Air Force Station began in June 1955, while Alaska was still a federal territory, and was completed in February 1958, nearly a year before Alaska became a state. Center for Environmental Management of Military Lands (ed.), *History of the Aircraft Control and Warning System in Alaska: Aid Defense of Arctic Skies*, p. 68 (Fort Collins, Colo. 2013).[3] When Alaska obtained statehood in January 1959, Congress retained jurisdiction over Fort Yukon Air Station, and it is still maintained by the United States Air Force. Alaska Statehood Act, Pub. L. No. 85-508, § 11(b), 72 Stat. 347. Fort Yukon Air Force Station is therefore a federal enclave. U.S. Const. art. I, § 8, cl. 17.

14. The United States Air Force retained Western Electric Company to help design, engineer, install, and maintain communications and electronics equipment necessary for operations at Fort Yukon and other installations in Alaska.

15. Western Electric, in turn, secured the assistance of AT&T in performing some of the installation work at Fort Yukon and other installations in Alaska.

16. The Air Force required Western Electric to perform its duties under the supervision of the Air Force and in accordance with Air Force policies, procedures, and specifications.

17. Likewise, the Air Force required that products supplied by Western Electric comply with military specifications.

18. At the time of Mr. Davidson's alleged exposure to asbestos at the military bases, the United States government, including the Air Force, was aware of

---

[3] Available at http://dnr.alaska.gov/Assets/uploads/DNRPublic/parks/oha/publications/histaircontrol.pdf.

the known hazards of asbestos exposure.

## Federal Enclave Jurisdiction

19. Because Plaintiffs' claims arise out of Mr. Davidson's alleged exposure at a federal enclave, this Court has jurisdiction over Plaintiffs' claims. 28 U.S.C. § 1331; *Paul v. United States*, 371 U.S. 245, 264, 83 S. Ct. 426, 9 L.Ed.2d 292 (1963); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal question jurisdiction over tort claims that arise on "federal enclaves."); *Akin v. Big Three Indus., Inc.*, 851 F. 819, 821-822 (E.D. Tex. 1994) ("when the plaintiffs' claims arise out of exposure to chemicals on base in furtherance of their employment duties, enclave jurisdiction is properly invoked.").

20. Furthermore, because a federal statute, 28 U.S.C § 5001, determines the law applicable to claims arising out of Mr. Davidson's exposure on federal land, this court has jurisdiction under 28 U.S.C. § 1331. *Stokes v. Adair* 265 F.2d 662, 665-666 (4th Cir. 1959) (holding that predecessor to 28 U.S.C § 5001 conferred federal question jurisdiction over claims arising from injuries sustained on federal enclaves).

## "Federal Officer" Jurisdiction

21. This court also has jurisdiction under 28 U.S.C. § 1442(a)(1). *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007); *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981); *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).

22. AT&T and Alcatel-Lucent USA Inc. are entitled to remove this case under Section 1442(a)(1), because:

    (a) As corporations, AT&T and Western Electric qualify as "persons" for purposes of Section 1442(a)(1). 1 U.S.C. § 1.

    (b) Any services or products provided to the Air Force by AT&T or Western Electric would have been under the direction and supervision of the Air Force for the purpose of assisting the

United States government in carrying out its duties. *Tennessee v. Davis*, 100 U.S. 257, 263 (1880) (government "can act only through its officers and agents"); Watson, 551 U.S. at 151-152.

    (c)    AT&T and Western Electric (through its successor Alcatel Lucent USA Inc.) are sued for or relating to acts taken under color of their duties as military contractors.

    (d)    As government contractors, operating in a federal enclave, under the direction of the Air Force, and subject to reasonably precise specifications issued by the government, AT&T and Alcatel-Lucent USA Inc. (as successor to Western Electric) have colorable federal defenses to Plaintiffs' claims. *See, e.g., Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).

### **Supplemental Jurisdiction**

23.    Any of Plaintiffs' remaining claims are so related to their claims arising out Mr. Davison work at the military bases that those claims form part of the same case or controversy under Article III of the United States Constitution. Accordingly, pursuant to 28 U.S.C. § 1367(a) and § 1441, this Court has supplemental jurisdiction over Plaintiffs' remaining claims.

WHEREFORE, Defendants remove this action to the United States District Court for the Northern District of California.

Dated:  October 6, 2016            RILEY SAFER HOLMES & CANCILA LLP

By: /s/ *Meghan R. McMeel*
Meghan R. McMeel
Alison Maddeford
Attorneys for Defendants
ALCATEL-LUCENT USA INC., AT&T CORP. AND PACIFIC BELL TELEPHONE COMPANY.

- 5 -    Case No. _____

ALCATEL-LUCENT USA INC., AT&T CORP. AND PACIFIC BELL TELEPHONE COMPANY'S JOINT NOTICE OF REMOVAL