**EXHIBIT A**

1  Benno Ashrafi, Esq. (CSBN 247623)
2  Leonard Sandoval, Esq. (CSBN 273992)
   WEITZ & LUXENBERG, P.C.
3  1880 Century Park East, Suite 700
   Los Angeles, California 90067
4  Tel.: (310) 247-0921
5  Fax: (310) 786-9927

6  Attorneys for Plaintiffs

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF ALAMEDA

10

11  **WILLIAM DAVIDSON**, an individual;     CASE NO.
    **PEARL DAVIDSON**, an individual;        RG16825351
12
13              Plaintiffs,

14       v.                                   **PLAINTIFFS' COMPLAINT FOR
                                              DAMAGES**
15
    **ALCATEL-LUCENT USA INC.**, f/k/a
16  Lucent Technologies Inc. as successor in   1. **NEGLIGENCE (PRODUCTS
    interest to BELL TELEPHONE                    LIABILITY)**
17  LABORATORIES, INC. (also known as
    BELL LABORATORIES, BELL LABS          2. **BREACH OF EXPRESS AND
18  and BTL) and WESTERN ELECTRIC            IMPLIED WARRANTIES
19  COMPANY INC.;                            (PRODUCTS LIABILITY)**
    **AT&T CORP.**, individually and as
20  successor in interest to PACIFIC BELL  3. **STRICT LIABILITY (PRODUCTS
    TELEPHONE COMPANY, PACIFIC               LIABILITY)**
21  TELEPHONE & TELEGRAPH
    COMPANY, BELL TELEPHONE            4. **PREMISES OWNER/
22  LABORATORIES, INC. (also known as        CONTRACTOR LIABILITY**
23  BELL LABORATORIES, BELL LABS
    and BTL), AT&T LONG LINES and      5. **NEGLIGENCE (PERSONAL INJURY)**
24  WESTERN ELECTRIC COMPANY INC.;
    **NOKIA USA INC.**, individually and as  6. **NEGLIGENT UNDERTAKING
25  successor in interest to ALCATEL-        (PERSONAL INJURY)**
26  LUCENT USA INC., BELL TELEPHONE
    LABORATORIES, INC. (also known as  7. **LOSS OF CONSORTIUM**
27  BELL LABORATORIES, BELL LABS
28                                        **DEMAND FOR JURY TRIAL**

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

ENDORSED
FILED
ALAMEDA COUNTY

JUL 29 2016

CLERK OF THE SUPERIOR COURT
CORINNA CARDEN
By_____
                    Deputy

- 1 -

1   and BTL) and WESTERN ELECTRIC
    COMPANY INC.;
2   **PACIFIC BELL TELEPHONE**
    **COMPANY**, individually and as successor
3   in interest to PACIFIC BELL
    TELEPHONE COMPANY, PACIFIC
4   TELEPHONE & TELEGRAPH
    COMPANY, BELL TELEPHONE
5   LABORATORIES, INC. (also known as
    BELL LABORATORIES, BELL LABS
6   and BTL), AT&T LONG LINES and
7   WESTERN ELECTRIC COMPANY INC.;
8
9   and DOES 1 through 400, inclusive,
10              Defendants.
11

12      **COMES NOW,** Plaintiffs WILLIAM DAVIDSON and PEARL DAVIDSON for

13  causes of action against defendants and DOES 1 through 400, and each of them, inclusive,

14  who files this Complaint and alleges as follows:

15                          **GENERAL ALLEGATIONS**

16      1.      The true names and/or capacities, whether individual, corporate, partnership,

17  associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are

18  unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious

19  names.   Plaintiffs are informed and believe, and thereon allege, that each defendant

20  designated herein as a DOE caused injuries and damages proximately thereby to plaintiffs as

21  hereinafter alleged; and that each DOE defendant is liable to the plaintiffs for the acts and

22  omissions alleged herein below, and the resulting injuries to plaintiff, and damages sustained

23  by the plaintiffs.  Plaintiffs will amend this complaint to allege the true names and capacities

24  of said DOE defendants when that same is ascertained.

25      2.      Plaintiffs are informed and believe, and thereon allege, that at all times herein

26  mentioned, each of the defendants and each of the DOE defendants were the agent, servant,

27  employee and/or joint venturer of the other co-defendants and other DOE defendants, and

28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 2 -

1   each of them, and at all said times, each defendant and each DOE defendant was acting in

2   the full course, scope and authority of said agency, service, employment and/or joint venture.

3        3.      Plaintiffs are informed and believe, and thereon allege, that all times

4   mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were

5   also known as, formerly known as and/or were the successors and/or predecessors in

6   interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or

7   partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged

8   company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in

9   an entity or entities engaged in the funding, researching, studying, manufacturing,

10  fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing,

11  buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing,

12  contracting for installation, contracting others to install, repairing, marketing, warranting,

13  rebranding, manufacturing for others, packaging and advertising a certain substance, the

14  generic name of which is asbestos, and/or other products, components and assemblies

15  containing said substance (hereafter "alternate entities"). Defendants and DOES 1 through

16  400, and each of them, inclusive, are liable for the acts, omissions and tortious conduct of its

17  successors and/or predecessors in interest/business/product line/or a portion thereof, assigns,

18  parent, subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable

19  trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and

20  each of them, inclusive, enjoys the goodwill originally attached to each such alternate entity,

21  acquired the assets or product line (or portion thereof), and that there has been a virtual

22  destruction of plaintiff's remedy against each such alternate entity, and in that each such

23  defendant has the ability to assume the risk spreading role of each such alternate entity.

24       4.      Defendants placed their names, logos, and trademarks on asbestos products as

25  well as put out as their own asbestos products manufactured by others so as to be an apparent

26  manufacturer and liable as the manufacturer.

27       5.      Plaintiffs are informed and believe, and thereon allege, that at all times herein

28  mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and

- 3 -

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   are corporations organized and existing under the laws of the State of California or the laws

2   of some state or foreign jurisdiction; that each of the said defendants and DOE defendants

3   were and are authorized to do and are doing business in the State of California and regularly

4   conducted business in the County of Alameda; and that certain defendants and DOES

5   designate or have maintained principle places of business in the County of Alameda.

6        6.      Although the plaintiff may have been employed by defendant at the time of his

7   exposure to the defendant's asbestos-containing products (and to other asbestos-containing

8   products), each defendant lacked workers' compensation insurance coverage during the

9   years that the plaintiff was exposed, having failed to secure the payment of workers'

10  compensation through mandated insurance *or self-insurance coverage*.  In addition, the

11  plaintiff's exposure to the defendant's asbestos-containing products (and to other asbestos-

12  containing products) did not arise out of the plaintiff's employment, as the defendant lacked

13  the right to control the manner or means of the plaintiff's work duties.  Finally, the plaintiff

14  was exposed to asbestos-containing products that the defendant manufactured for sale to the

15  general public, and which the plaintiff only incidentally used during the course of his work

16  duties.

17       7.      Plaintiff WILLIAM DAVIDSON was a worker and end user, including but not

18  limited to, as an installer and engineer from approximately the 1950s to the 1970s, who at

19  various locations within the State of California, including but not limited to AT&T CORP,

20  AT&T Long Lines and Pacific Telephone & Telegraph facilities located at 1587 Franklin St.,

21  Oakland, 444 Bush St., San Francisco, 2112 Fruitvale Ave, Oakland, San Leandro, CA and

22  Stockton, CA, and various other AT&T CORP, AT&T Long Lines and Pacific Telephone &

23  Telegraph facilities located outside of California, used, handled or was otherwise exposed to

24  asbestos, asbestos containing products and/or products designed to be used in association

25  with asbestos products of, and/or products that created an asbestos hazard, and/or safety

26  equipment intended to block the entry of asbestos fibers, and/or on or about the premises of,

27  defendants and DOES 1 through 400, and each of them, inclusive; including: **ALCATEL-**

28  **LUCENT USA INC.**, f/k/a Lucent Technologies Inc. as successor in interest to BELL

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 4 -

1  TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL
2  LABS and BTL) and WESTERN ELECTRIC COMPANY INC. (for asbestos containing
3  products used in telephone industry and as a contractor, as a premises defendant; for
4  negligent undertaking of the Bell System and its asbestos-containing products, systems and
5  materials); **AT&T CORP.**, individually and as successor in interest to PACIFIC BELL
6  TELEPHONE COMPANY, PACIFIC TELEPHONE & TELEGRAPH COMPANY, BELL
7  TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL
8  LABS and BTL), AT&T LONG LINES and WESTERN ELECTRIC COMPANY INC. (for
9  asbestos containing products used in telephone industry and as a contractor, as a premises
10 defendant; for negligent undertaking of the Bell System and its asbestos-containing products,
11 systems and materials); **NOKIA USA INC.**, individually and as successor in interest to
12 ALCATEL-LUCENT USA INC., BELL TELEPHONE LABORATORIES, INC. (also
13 known as BELL LABORATORIES, BELL LABS and BTL) and WESTERN ELECTRIC
14 COMPANY INC. (for asbestos containing products used in telephone industry and as a
15 contractor, as a premises defendant; for negligent undertaking of the Bell System and its
16 asbestos-containing products, systems and materials); **PACIFIC BELL TELEPHONE**
17 **COMPANY**, individually and as successor in interest to PACIFIC BELL TELEPHONE
18 COMPANY, PACIFIC TELEPHONE & TELEGRAPH COMPANY, BELL TELEPHONE
19 LABORATORIES, INC. (also known as BELL LABORATORIES, BELL LABS and BTL),
20 AT&T LONG LINES and WESTERN ELECTRIC COMPANY INC. (for asbestos
21 containing products used in telephone industry and as a contractor, as a premises defendant;
22 for negligent undertaking of the Bell System and its asbestos-containing products, systems
23 and materials). Plaintiffs further allege; Defendants, and DOES 1 through 400, and each of
24 them inclusive, designed, manufactured, sold, supplied, distributed and otherwise marketed
25 asbestos containing products, equipment and systems with original and replacement
26 asbestos-containing products, components, and integral parts; that defendants and DOES 1
27 through 400 inclusive specified and required the use of such original and replacement
28 asbestos containing parts and components that were integral to their respective asbestos

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 5 -

1   containing products' normal use and operation and that by design such normal use and
2   operation directly created, generated, released and exposed plaintiff WILLIAM DAVIDSON
3   to asbestos-containing dust, debris, fiber and particulate from such integral, specified,
4   necessary and required asbestos products and components; that as a direct and proximate
5   result of all of the above, plaintiff WILLIAM DAVIDSON was exposed by Defendants and
6   DOES 1 through 400, inclusive to asbestos-containing dust, debris, fiber and particulate
7   which increased his risk of developing the mesothelioma and asbestos disease(s) from which
8   he now suffers.

9       8.    Plaintiffs are informed and believe, and thereon allege, that asbestos related
10  diseases such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural
11  plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers
12  without perceptible trauma and that said diseases result from exposure to asbestos and
13  asbestos products over a period of time.

14      9.    As set forth herein this complaint, and as a result of plaintiff WILLIAM
15  DAVIDSON's asbestos exposure to the products of and/or on the premises of defendants and
16  DOES 1 through 400, and each of them, inclusive, plaintiff WILLIAM DAVIDSON was
17  diagnosed with mesothelioma on or about May, 2016, which is life threatening, debilitating
18  and likely terminal, and plaintiff continues to endure great physical pain and suffering,
19  mental anguish, loss of enjoyment of life and the loss of earnings, earning capacity and
20  attendant medical expenses; all to the plaintiffs' general and special damage in excess of the
21  jurisdictional limits of the unlimited Court.

22      10.   Defendant AT&T CORP. is the parent of an organization of companies that at
23  one time was referred to as "the Bell System." Within this system, Western Electric, a
24  wholly owned subsidiary of AT&T CORP., functioned as the manufacturing and supply
25  branch; and BELL TELEPHONE LABORATORIES (BTL), a subsidiary owned by AT&T
26  CORP. and Western Electric, performed the research and development functions of the
27  System. Telephone services were provided to customers through dozens of operating
28  companies, including, in California, the Pacific Telephone & Telegraph Company (now

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 6 -

known as Pacific Bell Telephone Company) (herein, "PACTEL/PACBELL").   Other subsidiary companies also performed integral roles in the overall operation.

11.     The widespread geographic area served by the Bell System and the nature of the services provided required the Bell System to function as a single, coordinated operation or organization.  Within this organization, AT&T CORP. provided its operating companies and other subsidiaries with instruction, direction, regulation and exercise of control over a number of areas, including: safety and work practices, including but not limited to installation procedures, maintenance procedures, replacement procedures, and other work means and methods; finance, engineering, marketing, public relations, operations, construction plans, government relations, legal and regulatory matters, human resources, and labor relations.

12.     At all times herein relevant, AT&T CORP.'s role in the Bell System has included preparation and  distribution of  Bell System standard methods  and procedures, compilation and publication of performance data, storage and transmission of information, and analysis of areas that may require special attention.  AT&T CORP. created standard operating procedures for its operating companies, including PACTEL/PACBELL, which has managed the Bell System's telephone operations in California since before 1900.  AT&T CORP., individually and in conjunction with its subsidiaries, also specified, researched, tested, and created uniform standards of design and quality for a variety of products and equipment, including asbestos-containing products and equipment, which exposed Plaintiff and other similarly situated workers within the Bell System facilities to asbestos.

13.     AT&T CORP. created, authored, researched, engineered, and promulgated written instructions in the form of "Bell System Practices" (BSPs/Installation Handbooks), which were subsequently converted into and used as Western Electric Installation Handbooks. These BSPs/Installation Handbooks intended to, and did, instruct, direct, and control the manufacture, supply, installation, use, application, maintenance, removal, and replacement of products and materials, including asbestos-containing products and materials, used by entities and personnel that comprised the Bell System – including the conversion of

- 7 -

form of those BSPs/Installation Handbooks into Western Electric Company Installation Handbooks, used and referred to – along with BSPs/Installation Handbooks – by Western Electric installers like plaintiff to perform his daily work tasks and procedures.

14.    AT&T CORP.'s BSPs/Installation Handbooks directed, dictated, required, and/or recommended that workers within the Bell System install, maintain, clean, inspect, repair, remove, and replace asbestos-containing products and materials in a manner which necessarily resulted in hazardous asbestos exposures to workers, including Plaintiff.

15.    Through its BSPs/Installation Handbooks, AT&T CORP. also arranged and supplied the means and methods of the business operations within the Bell System, including communications, premises acquisition and design, premises construction, maintenance, renovation, facility expansion, and all aspects of work related thereto.

16.    At all times herein relevant, AT&T CORP. specified, oversaw and controlled the manufacture, production, distribution and supply of a vast array of asbestos-containing telecommunications products and other construction and building materials, including but not limited to: asbestos-containing wire and cable, asbestos-containing transite cable hole covers and sealing materials, asbestos-containing transite boards, asbestos-containing telephone system and components power and switching equipment, transmission equipment, and various asbestos-containing insulating and heat-resistant materials.

17.    Further, AT&T CORP's control as a "parent" over its subsides within the Bell System, including but not limited to PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELEPHONE & TELEGRAPH COMPANY, BELL TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL LABS and BTL); AT&T LONG LINES and WESTERN ELECTRIC COMPANY INC was so pervasive and continual that each subsidiary was nothing more than an agent or instrumentality AT&T CORP, rendering it also liable for each subsidiary's acts of negligence.

////

////

////

- 8 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

## FIRST CAUSE OF ACTION

### NEGLIGENCE – PRODUCTS LIABILITY

**(Against All Product Defendants and DOES 1 through 400)**

18.  Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 17 above, inclusive.

19.  Plaintiff WILLIAM DAVIDSON was a worker and end user who used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of, and/or products that created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos fibers, including, but not limited to: **ALCATEL-LUCENT USA INC.**, f/k/a Lucent Technologies Inc. as successor in interest to BELL TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL LABS and BTL) and WESTERN ELECTRIC COMPANY INC. (for asbestos containing products used in telephone industry and as a contractor, as a premises defendant; for negligent undertaking of the Bell System and its asbestos-containing products, systems and materials); **AT&T CORP.**, individually and as successor in interest to PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELEPHONE & TELEGRAPH COMPANY, BELL TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL LABS and BTL), AT&T LONG LINES and WESTERN ELECTRIC COMPANY INC. (for asbestos containing products used in telephone industry and as a contractor, as a premises defendant; for negligent undertaking of the Bell System and its asbestos-containing products, systems and materials); **NOKIA USA INC.**, individually and as successor in interest to ALCATEL-LUCENT USA INC., BELL TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL LABS and BTL) and WESTERN ELECTRIC COMPANY INC. (for asbestos containing products used in telephone industry and as a contractor, as a premises defendant; for negligent undertaking of the Bell System and its asbestos-containing products, systems and materials); **PACIFIC BELL TELEPHONE COMPANY**, individually and as successor in interest to PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELEPHONE &

1  TELEGRAPH COMPANY, BELL TELEPHONE LABORATORIES, INC. (also known as
2  BELL LABORATORIES, BELL LABS and BTL), AT&T LONG LINES and WESTERN
3  ELECTRIC COMPANY INC. (for asbestos containing products used in telephone industry
4  and as a contractor, as a premises defendant; for negligent undertaking of the Bell System
5  and its asbestos-containing products, systems and materials), and DOES 1 through 400, and
6  each of them inclusive ("Product Defendants"), in a manner that was reasonably foreseeable
7  to said Product Defendants.

8      20.    At all times herein mentioned, Product Defendants, and each of them, were
9  engaged in the business of researching, studying, manufacturing, fabricating, designing,
10  developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale,
11  selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation,
12  contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for
13  others, packaging and advertising a certain substance, the generic name of which is asbestos
14  and/or products containing asbestos and/or products which created an asbestos hazard, or are
15  engaged in the business of manufacturing, fabricating, designing, assembling, distributing,
16  selling, and marketing of safety equipment, including respiratory protective devices which
17  were intended to block the entry of asbestos fibers into the bodies of workers who were
18  exposed to asbestos in the workplace and other locations.

19      21.    At all times herein mentioned, Product Defendants, and each of them,
20  negligently and carelessly researched, tested or failed to test, warned or failed to warn, failed
21  to recall or retrofit, failed to provide protective measures to prevent take home exposure,
22  failed to warn of the dangers to those who come in contact with users, manufactured and/or
23  caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed,
24  supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed,
25  demolished, contracted for installation, contracted others to install, repaired, marketed,
26  warranted, rebranded, manufactured for others, packaged and advertised asbestos and/or
27  products containing asbestos and/or products which created an asbestos hazard, and/or safety
28  equipment intended to block the entry of asbestos, and those products did, in fact,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 10 -

proximately cause personal injuries to users, consumers, workers, persons working around or living with persons working with or around such products, and others including plaintiff WILLIAM DAVIDSON, while being used in a manner that was intended by or otherwise reasonably foreseeable to said Product Defendants, thereby rendering said products unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

22. At all times herein mentioned, Product Defendants, and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and said Product Defendants breached said duty of reasonable care in that Product Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell said Product Defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to recall or retrofit; failed to provide protective measures to prevent take home exposure; failed to warn those persons who would be exposed, failed to warn of the dangers to those who come in contact with users, including plaintiff WILLIAM DAVIDSON, of the health hazards of using said Product Defendants' products; failed to disclose the known or knowable dangers of using said Product Defendants' products; failed to obtain suitable alternative materials to asbestos when such alternatives were available; and as otherwise stated herein.

23. On or before 1932, and thereafter, Product Defendants, and each of them, were aware and knew of the dangers associated with breathing asbestos containing dust, and said Product Defendants also were aware and knew that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos could cause injury, and said Product Defendants knew that the users of asbestos and asbestos-containing products, as well as members of the general public who were exposed to asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to human life; and propagated misinformation intended to instill in

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  users of Product Defendants' products a false security about the safety of said Product

2  Defendants' products.

3      24.    Product Defendants, and each of them, knew and failed to disclose that

4  plaintiff WILLIAM DAVIDSON and anyone similarly situated, upon inhalation of asbestos

5  would, in time, have a substantial risk of developing irreversible conditions of

6  pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said Product Defendants knew

7  and failed to disclose that inhalation of asbestos would cause pathological effects without

8  noticeable trauma to the public, including buyers, users, and physicians such that physicians

9  could not examine, diagnose and treat those who were exposed to asbestos, including

10  plaintiff.

11      25.    Product Defendants, and each of them, despite said Product Defendants'

12  knowledge of the substantial risks associated with exposure to asbestos, willfully and

13  knowingly concealed and actively suppressed and promoted the suppression from all

14  consumers, including plaintiff WILLIAM DAVIDSON, medical and scientific information

15  concerning the health hazards associated with inhalation of asbestos, including the

16  substantial risk of injury or death therefrom in conscious disregard of the rights, safety and

17  welfare of users, consumers, workers, persons working around or living with persons

18  working with or around such asbestos and asbestos-containing products, and others including

19  plaintiff WILLIAM DAVIDSON.

20      26.    Rather than attempting to protect users and workers from, or warn workers and

21  users of, the high risk of injury or death resulting from exposure to asbestos and asbestos-

22  containing products, Product Defendants, and each of them, intentionally failed to reveal

23  their knowledge of said risk, fraudulently, consciously and actively concealed and

24  suppressed said knowledge from members of the general public that asbestos and asbestos

25  products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of

26  said implied representations. Said Product Defendants propagated misinformation to instill a

27  false sense of security and safety to instill in users a false sense of security about the safety

28  of their products.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 12 -

27.    In researching, testing, manufacturing, distributing, labeling, installing and marketing said products, Product Defendants, and each of them, did so with conscious disregard for the safety of the users of said products, in that said Product Defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which said Product Defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said Product Defendants, and which knowledge was obtained by said Product Defendants on or before 1932, and thereafter.

28.    The above referenced conduct of Product Defendants, and each of them, was motivated by the financial interest of said Product Defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products. In pursuit of said financial motivation, said Product Defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

29.    With said knowledge, Product Defendants, and each of them, opted to manufacture, distribute and install said asbestos and asbestos-containing products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

30.    Plaintiffs were not aware that exposure to asbestos presented any risk of injury and/or disease to WILLIAM DAVIDSON, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

31.    Product Defendants, and each of them, were aware that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 13 -

32.     Plaintiffs are informed and believe, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of Product Defendants, and each of them, in that said Product Defendants knew or should have known that the asbestos dust would be generated and released from their asbestos-containing products during the regular and intended uses of such asbestos products, and that said asbestos-containing products and the asbestos dust exposure there from created an increased risk of asbestos disease for all users, consumers, or others, including plaintiff, who breathed said asbestos-containing dust which said Product Defendants knew or should have known was harmful to the body and health of persons installing, handling, and using asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by plaintiff.

33.     Plaintiffs are informed and believe, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of Product Defendants, and each of them, in that said Product Defendants failed to take reasonable care to warn the plaintiff of the danger and harm to which he was exposed while installing, handling and otherwise using said products, as well as while he was in the vicinity of the use, installation, and handling of said products, and failed to specify, recommend, supply, install, sell, and use readily available substitutes which do not and did not pose the danger to human health.

34.     The conduct of Product Defendants, and each of them, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiff, and that said Product Defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM DAVIDSON, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

- 14 -

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

35.   As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff WILLIAM DAVIDSON has suffered, and continues to suffer, permanent injuries to his person, body and health all to his general damage in a sum in excess of the jurisdictional limits of this unlimited Court.

36.   As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff WILLIAM DAVIDSON was and will be compelled to and did employ medical services in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

37.   As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiffs have and/or will suffer loss of income and earnings, past, present and future and earning capacity in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

38.   As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiffs did necessarily incur and in the future will incur incidental expenses and damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

39.   In particular, plaintiffs would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM DAVIDSON and of workers exposed to

- 15 -

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

asbestos and asbestos products, such that, plaintiffs, for the sake of example, and by way of punishing said Product Defendants, seeks punitive damages according to proof.

## SECOND CAUSE OF ACTION

## BREACH OF EXPRESS AND IMPLIED WARRANTIES – PRODUCTS LIABILITY

### (Against All Product Defendants and DOES 1 through 400)

40.     Plaintiff re-alleges and incorporates here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 39 above, inclusive.

41.     Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or otherwise supplied the asbestos containing products, materials and equipment to Plaintiff and/or his employers.

42.     That in connection with the manufacture, preparation, sale, specification, installation, use, and supply of asbestos products, Product Defendants, and each of them, expressly and impliedly warranted that said products were of good and merchantable quality and fit for their intended use. However, in truth and in fact, said products contained harmful and deleterious asbestos fibers, known to the defendants herein, to be defective and harmful to humans exposed thereto.

43.     Said products were not and are not suitable for the purposes for which said products were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their use by human beings in confined spaces where humans would be physically present, working, resting or breathing.

44.     Plaintiffs relied on the express and implied warranties of Product Defendants, and each of them, in the use of and exposure to said asbestos and asbestos products, and plaintiff WILLIAM DAVIDSON was using and/or exposed to said asbestos in a reasonably foreseeable intended manner.

45.     Product Defendants, and each of them, breached the above-described express and implied warranties in that said substance was defective, which defects permitted and/or caused said substance to seriously and permanently cause injury to plaintiff while using said substance in a manner that was reasonably foreseeable.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 16 -

46.     The breaches of warranties by Defendants, and each of them, as described in this cause of action were a substantial factor and a legal cause of the injuries and damages sustained by plaintiff.

47.     As a direct and proximate result of the above-described breaches of warranties by said Product Defendants, and each of them, plaintiff WILLIAM DAVIDSON suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

48.     In particular, plaintiffs would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries. As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM DAVIDSON and of workers exposed to asbestos and asbestos products, such that, plaintiffs, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

## THIRD CAUSE OF ACTION

### STRICT LIABILITY IN TORT – PRODUCTS LIABILITY

### (Against All Product Defendants and DOES 1 through 400)

49.     Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 48 above, inclusive.

50.     At all times mentioned herein, Defendants, and each of them, manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 17 -

installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised asbestos and/or products containing asbestos and/or products which created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos fibers, and that asbestos and/or products containing asbestos and/or products which created an asbestos hazard and/or safety equipment intended to block the entry of asbestos fibers were defective in that they were not as safe as an ordinary consumer of such products would expect; and that the gravity of the potential harm resulting from the use of the defective products of Defendants, and each of them, and the risk of said asbestos and asbestos-containing products outweighed any benefit of the said defendants' design, when safer alternative designs and materials existed and were available that could and should have been substituted and used instead of the deadly asbestos, including providing adequate warning of such potential harm.

51.     At all times mentioned herein, Defendants, and each of them, were aware of the dangerous and defective nature of asbestos and asbestos-containing products when they were used in their intended or reasonably foreseeable manner.

52.     Defendants, and each of them, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including plaintiff, who foreseeably would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

53.     The asbestos and asbestos-containing products, components and assemblies of Defendants, and each of them, were substantially the same as when they left said defendants' possession.

54.     The aforementioned asbestos and asbestos-containing products of Defendants, and each of them, were used by plaintiff and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that plaintiff WILLIAM DAVIDSON was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

- 18 -

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

55. The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to plaintiff WILLIAM DAVIDSON, and plaintiff had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

56. The failure to warn by and the product defect in the asbestos and asbestos-containing products of Product Defendants, and each of them, were substantial factors and a legal cause of plaintiff WILLIAM DAVIDSON's injuries and damages thereby sustained by plaintiffs, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM DAVIDSON, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

57. As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff WILLIAM DAVIDSON suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

58. In particular, plaintiffs would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries. As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM DAVIDSON and of workers exposed to

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFFS' COMPLAINT

1  asbestos and asbestos products, such that, plaintiffs, for the sake of example, and by way of

2  punishing said defendants, seeks punitive damages according to proof.

3  ### FOURTH CAUSE OF ACTION

4  ### PREMISES OWNER/CONTRACTOR LIABILITY

5  ### (Against All Premises Defendants and DOES 1 through 400)

6      59.   Plaintiffs re-allege and incorporate here by reference, as though fully set forth

7  at length herein, all of the allegations of paragraphs 1 through 58 above, inclusive.

8      60.   Plaintiff WILLIAM DAVIDSON entered, performed work and was otherwise

9  on or about the premises of **ALCATEL-LUCENT USA INC.,** f/k/a Lucent Technologies

10  Inc. as successor in interest to BELL TELEPHONE LABORATORIES, INC. (also known as

11  BELL LABORATORIES, BELL LABS and BTL) and WESTERN ELECTRIC COMPANY

12  INC. (for asbestos containing products used in telephone industry and as a contractor, as a

13  premises defendant; for negligent undertaking of the Bell System and its asbestos-containing

14  products, systems and materials); **AT&T CORP.,** individually and as successor in interest to

15  PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELEPHONE & TELEGRAPH

16  COMPANY, BELL TELEPHONE LABORATORIES, INC. (also known as BELL

17  LABORATORIES, BELL LABS and BTL), AT&T LONG LINES and WESTERN

18  ELECTRIC COMPANY INC. (for asbestos containing products used in telephone industry

19  and as a contractor, as a premises defendant; for negligent undertaking of the Bell System

20  and its asbestos-containing products, systems and materials); **NOKIA USA INC.,**

21  individually and as successor in interest to ALCATEL-LUCENT USA INC., BELL

22  TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL

23  LABS and BTL) and WESTERN ELECTRIC COMPANY INC. (for asbestos containing

24  products used in telephone industry and as a contractor, as a premises defendant; for

25  negligent undertaking of the Bell System and its asbestos-containing products, systems and

26  materials); **PACIFIC BELL TELEPHONE COMPANY,** individually and as successor in

27  interest to PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELEPHONE &

28  TELEGRAPH COMPANY, BELL TELEPHONE LABORATORIES, INC. (also known as

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 20 -

BELL LABORATORIES, BELL LABS and BTL), AT&T LONG LINES and WESTERN ELECTRIC COMPANY INC. (for asbestos containing products used in telephone industry and as a contractor, as a premises defendant; for negligent undertaking of the Bell System and its asbestos-containing products, systems and materials), and DOES 1 through 400, and each of them, inclusive (hereafter "Premises Defendants"), including performing that which was to defendants' benefit and advantage and at defendants' request and invitation. In so doing, plaintiff WILLIAM DAVIDSON was exposed to dangerous asbestos fibers.

61. At all times herein mentioned, the Premises Defendants, and each of them, were the owners, lessors, operators, managers, general contractors, subcontractors or otherwise controlled and maintained certain premises or portions thereof, on which asbestos and asbestos-containing products were fabricated, constructed, manufactured, mixed, processed, milled, crushed, dumped, piled, disposed of, installed, maintained, used, repaired, replaced or otherwise disturbed (hereafter "use(d), handl(ed)(ing) or disturb(ed)(ance)") by their own workers and/or by various contractors, so as to allow and cause and as a result, dangerous airborne asbestos fibers were present on and about said premises while and/or prior to the times plaintiff WILLIAM DAVIDSON was present creating a hazardous condition upon said premises.

62. At all times herein mentioned, the Premises Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the contractors and/or subcontractors hired and/or retained were not competent, that the premises in their control would be used as alleged without knowledge of, or inspection for, defects or dangerous conditions and that the persons working on or using said premises would not be aware of the aforesaid hazardous conditions on the premises to which they were exposed.

63. At all times mentioned herein, the Premises Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises, or to abate or correct, or to warn plaintiff WILLIAM DAVIDSON of the existence of the aforesaid dangerous conditions and hazards on said premises.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

64. At all times herein mentioned, the Premises Defendants, and each of them, knew, negligently and carelessly used asbestos-containing products in construction and renovation, hired contractors or subcontractors, created and/or approved building specifications, supervised or failed to supervise contractors and subcontractors, researched or failed to research, tested or failed to test, warned or failed to warn, failed to recall or retrofit, labeled or failed to label, failed to provide protection for, failed to provide a safe work place, failed to provide adequate safety measures, devices and equipment, failed to provide adequate ventilation, failed to provide adequate signs, used asbestos-containing products in construction and renovation and failed to provide sufficient protection to plaintiff from hazards of asbestos, the danger of which said defendants were aware.

65. At all times herein mentioned, the asbestos-containing products, including but not limited to, asbestos-containing building materials and products to be used, handled and/or disturbed on the premises of Premises Defendants, and each of them, caused personal injuries to users, consumers, workers and others, including plaintiff WILLIAM DAVIDSON, while being used, removed and/or handled in a manner reasonably foreseeable, thereby rendering these premises unsafe and dangerous to consumers, users, bystanders or workers exposed thereto, including plaintiff WILLIAM DAVIDSON.

66. At all times herein mentioned, the Premises Defendants, and each of them, knew and could foresee that asbestos and asbestos-containing products used, handled and/or disturbed on the said defendants' premises, and the asbestos dust, debris, fiber and particulate released from the same, created an unreasonable risk of harm to persons entering upon or present near or about the premises of said defendants.

67. At all times herein mentioned, the Premises Defendants, and each of them, knew and could reasonably foresee, or in the exercise of ordinary care should have known, that said premises would be entered by persons, including plaintiff WILLIAM DAVIDSON, without knowledge of, or inspection for, defects or dangerous conditions and that said persons would not be aware of the aforesaid unreasonable risk of harm.

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

68.    At all times herein mentioned, the Premises Defendants, and each of them, knew and reasonably could foresee, or in the exercise of ordinary care should have known, that the asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises of said defendants generated from the same above-described use, handling and/or disturbance of the asbestos and asbestos-containing products, including asbestos-laden waste derived from the premises of said defendants, was dangerous and created an unreasonable risk of harm to persons entering upon or being present near or about the premises of said defendants.

69.    At all times herein mentioned, the Premises Defendants, and each of them, had a duty to disclose the presence of, and the dangers and hazards presented by and associated with the asbestos-containing products and the asbestos fibers released and generated from the same above-described use, handling and/or disturbance thereof on and about the premises of said defendants.

70.    At all times herein mentioned, the Premises Defendants, and each of them, had a duty to disclose the presence of, and the dangers and hazards presented by and associated with the asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises of said defendants, including asbestos-laden waste derived from the premises of said defendants.

71.    At all times herein mentioned, the Premises Defendants, and each of them, had a duty to properly remove and/or abate said asbestos at these facilities before or during his presence, but failed to do so. The unreasonably dangerous conditions at these facilities was of such a nature and existed long enough so that it was, or reasonably should have been, discovered and corrected by a premises owner using reasonable care.

72.    At all times herein mentioned, plaintiff was continuously exposed to asbestos and asbestos-containing dust while on or about the premises of the Premises Defendants without the provision of appropriate safeguards by said defendants who had the duty responsibility for such.

- 23 -

PLAINTIFFS' COMPLAINT

73. Despite the knowledge by the Premises Defendants, and each of them, of the aforesaid risks of harm from asbestos and asbestos products generally, and from the asbestos dust, debris, fiber and particulate in the ambient air on or about the premises of said defendants generated from the same above-described use, handling and/or disturbance of asbestos and asbestos-containing products on and about the premises of said defendants, said Premises Defendants, and each of them, failed to disclose or warn persons forseeably exposed to asbestos, including plaintiff, of those asbestos hazards and dangers.

74. Plaintiff WILLIAM DAVIDSON was unaware of the risk of harm created by the aforesaid presence of asbestos products and materials on said premises of the Premises Defendants, and each of them; and plaintiff was also unaware of the unreasonable risk of harm created by the aforesaid dangerous asbestos dust, debris, fiber and particulate in the ambient air on and about the premises of said defendants.

75. At all times herein mentioned, the Premises Defendants, and each of them, retained control of the work and negligently failed to implement, and/or failed to have others implement, proper safety precautions, and/or the use of proper work practices to guard against those asbestos hazards on the premises of said defendants thereby creating an unreasonable risk of harm to persons entering or being on, about or around said asbestos-contaminated premises.

76. Despite said knowledge, defendants, including Premises Defendants, and each of them, misrepresented that their premises were safe and free of defects, and/or failed to disclose, and concealed, the presence of the asbestos dust, debris, fiber and particulate in the ambient air on or about the premises of said defendants generated from the same above-described use, handling and/or disturbance of asbestos and asbestos-containing products on and about the premises of said defendants, including asbestos-laden waste derived from the premises of said defendants, thereby creating an unreasonable risk of harm to persons entering said premises and other exposed persons, including plaintiff.

77. In reliance upon the foregoing acts, omissions and representations, plaintiff WILLIAM DAVIDSON entered and was present upon and/or performed work on said

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 24 -

premises of the Premises Defendants, and each of them, which was to defendants' benefit and advantage and at defendants' request and invitation; whereupon there was dangerous asbestos dust, debris, fiber and particulate in the ambient air as a result of the same above-described use, handling and/or disturbance of asbestos and asbestos-containing products on and about the premises of said defendants, including asbestos-laden waste derived from the premises of said defendants. In so doing, plaintiff was exposed to dangerous asbestos fibers for which Premises Defendants are liable.

78. At all times herein mentioned, despite the knowledge by the Premises Defendants, and each of them, of the aforesaid risk of harm from asbestos and/or asbestos products on or from its premises, said defendants retained control of the work and negligently failed to implement, and/or failed to have others implement, proper safety precautions, and/or the use of proper work practices to guard against those asbestos hazards from the same above-described use, handling and/or disturbance of asbestos and/or asbestos products on or from said defendants' premises creating an unreasonable risk of harm to persons entering or being on, about or around said asbestos-contaminated premises.

79. At all times herein mentioned, the Premises Defendants, and each of them, were aware and knew of the dangers associated with breathing asbestos containing dust, and that users of asbestos and asbestos products, as well as persons entering or being on, about or around the premises who would be exposed to asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos could cause injury, and said Premises Defendants knew that the users of asbestos and asbestos-containing products, as well as persons entering or being on, about or around the premises who were exposed to asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to human life; and intended to instill a false security about the safety of the premises.

80. The Premises Defendants, and each of them, knew and failed to disclose that plaintiff WILLIAM DAVIDSON and anyone similarly situated, upon inhalation of asbestos

1  would, in time, have a substantial risk of developing irreversible conditions of

2  pneumoconiosis, asbestosis, mesothelioma and/or cancer, and knew and failed to disclose

3  that inhalation of asbestos would cause pathological effects without noticeable trauma to the

4  public, including buyers, users, and physicians such that physicians could not examine,

5  diagnose and treat those who were exposed to asbestos, including plaintiff.

6      81.     Despite said Premises Defendants knowledge of the substantial risks associated

7  with exposure to asbestos, willfully and knowingly concealed and actively suppressed and

8  promoted the suppression from all consumers and persons entering or being on said

9  premises, including plaintiff WILLIAM DAVIDSON, medical and scientific information

10  concerning the health hazards associated with inhalation of asbestos, including the

11  substantial risk of injury or death therefrom in conscious disregard of the rights, safety and

12  welfare of users, consumers, workers, persons working on around the premises or living with

13  persons entering or being on, about or around said asbestos-contaminated premises.

14      82.     Rather than attempting to protect, or warn persons entering or being on, about

15  or around the premises, the high risk of injury or death resulting from exposure to asbestos

16  and asbestos-containing products, the Premises Defendants, and each of them, intentionally

17  failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed

18  and suppressed said knowledge from persons entering or being on, about or around the

19  premises that asbestos and asbestos products were unsafe for all reasonably foreseeable use,

20  with the knowledge of the falsity of said implied representations.   Said defendants

21  propagated misinformation to instill a false sense of security and safety to instill in persons

22  entering or being on, about or around the premises a false sense of security about the safety

23  of the premises.

24      83.     In so doing, the Premises Defendants, and each of them, did so with conscious

25  disregard for the safety of persons entering or being on, about or around the premises, in that

26  said defendants had specific prior knowledge that there was a high risk of injury or death

27  resulting from exposure to asbestos or asbestos-containing products being used on the

28  premises, including but not limited to mesothelioma.  Said knowledge was obtained, in part,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 26 -

1   from scientific studies, government data, and medical data to which said defendants had

2   access, as well as scientific studies performed by, at the request of, or with the assistance of,

3   said defendants, and which knowledge was obtained by said defendants on or before 1932,

4   and thereafter.

5        84.    The above referenced conduct of said Premises Defendants, and each of them,

6   was motivated solely by the financial interest of said defendants and in pursuance of said

7   financial motivation, said defendants consciously disregarded the safety of the users of, and

8   persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously

9   willing to permit asbestos and asbestos-containing products to cause injury to workers and

10   users thereof, and persons exposed thereto, including plaintiff.

11        85.    With said knowledge, said Product Defendants, and each of them, opted to

12   manufacture, distribute and install said asbestos and asbestos-containing products.

13        86.    Despite the knowledge by the Premises Defendants, and each of them, of the

14   aforesaid risk of harm from asbestos and/or asbestos products on or from its premises, and

15   without attempting to protect persons entering or being on, about or around the premises of

16   the high risk of injury or death resulting from exposure to asbestos the said defendants'

17   premises, the Premises Defendants, and each of them, negligently provided unsafe

18   equipment, products and materials, including, but not limited to, asbestos and asbestos-

19   containing products, to workers and others, including plaintiff WILLIAM DAVIDSON,

20   which created a risk of harm to persons entering said premises and persons exposed to

21   asbestos dust, debris, fiber and particulate from the asbestos and asbestos-containing

22   products used, handled or disturbed as hereinabove described on the premises of Premises

23   Defendants.

24        87.    The unreasonably dangerous conditions at the premises of the Premises

25   Defendants was of such a nature and existed long enough so that it was, or reasonably should

26   have been, discovered and corrected by said defendants using reasonable care.

27        88.    As a consequence, exposed persons, including plaintiff, entered and performed

28   work in and on said premises which was to defendants' benefit and advantage and at

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 27 -

1  defendants' request and invitation. In so doing and as a consequence thereof, plaintiff was

2  exposed to dangerous quantities of asbestos dust, debris, fiber and particulate from the

3  premises of Premises Defendants.

4      89.  Plaintiffs were unaware of the risk of harm created by the aforesaid presence of

5  asbestos products and materials on said premises and negligent provision of equipment,

6  products and materials, including, but not limited to, asbestos and asbestos-containing

7  products.

8      90.  The conduct of Premises Defendants, and each of them, were a substantial

9  factor and a legal cause of plaintiff WILLIAM DAVIDSON's injuries and damages thereby

10  sustained by plaintiff, and that said defendants demonstrated such an entire want of care as to

11  establish that their acts and omissions were the result of actual conscious indifference to the

12  rights, safety, and welfare of plaintiff WILLIAM DAVIDSON, and that such intentional acts

13  and omissions were substantial factors in causing his disease and injuries.

14      91.  Plaintiff WILLIAM DAVIDSON's injuries and disease were the result of

15  intentional acts and/or omissions, gross negligence and malice in the use of asbestos at the

16  premises of the Premises Defendants, and each of them, in that said defendants had a duty to

17  properly remove and/or abate said asbestos at these facilities before or during his presence,

18  but failed to do so.

19      92.  As a direct and proximate result of the aforesaid conduct of said Premises

20  Defendants, and each of them, plaintiff WILLIAM DAVIDSON suffered severe and

21  permanent injuries to his person, and plaintiff suffered damages as alleged above.

22      93.  In particular, plaintiffs would show that, as alleged here in this cause of action

23  and throughout this complaint, that such intentional, grossly wanton acts and omissions by

24  said Premises Defendants, and DOES 1 through 400, and each of them, and their officers,

25  directors, and managing agents, inclusive, were substantial factors in, and participated in,

26  authorized, expressly and impliedly ratified, and had full knowledge of or should have

27  known, each of the acts set forth here causing his disease and injuries. As the above

28  referenced conduct complained of in this complaint of said Premises Defendants, and DOES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Premises Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM DAVIDSON and of workers exposed to asbestos and asbestos products, such that, plaintiffs, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE – PERSONAL INJURY

### (Against All Defendants and DOES 1 through 400)

94.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 93 above, inclusive.

95.    At all times herein relevant, defendants, their "alternate entities," and/or their agents, and each of them, employed workers at locations where defendants owned, operated, managed, and/or conducted business activities, and where Plaintiff WILLIAM DAVIDSON also worked and/or spent time.

96.    At all times herein relevant, defendants, their "alternate entities," and/or their agents, and each of them, have a duty to use reasonable care in the pursuit of their business activities to avoid causing harm to persons who foreseeably were likely to be harmed by the carrying out of defendants' business activities in the absence of defendants' use of reasonable care. Specifically, defendants, had a duty to use due care: (a) in the specification, selection, supply, distribution and/or disturbance of asbestos-containing materials to their employees; (b) in the instruction, training, and supervision of their employees; and (c) in the implementation of adequate safety policies and procedures; to protect workers and persons encountering those workers, including Plaintiff from suffering personal injury as a result of the asbestos hazards encountered and created by the work of defendants' employees.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

97. At all times herein relevant, defendants specified, selected, supplied, and/or distributed asbestos-containing materials to their employees for use during their regular work activities, and/or required their employees to use these materials, in a manner that resulted in the disturbance of asbestos-containing materials and the release of asbestos fibers into the surrounding workplace air, at times when and locations where WILLIAM DAVIDSON was present. Such materials include, but are not limited to: asbestos-containing ebony power boards; asbestos-containing cable hole covers; asbestos bags or pillows; asbestos-containing blankets; asbestos fiber and asbestos-containing putty to seal cable slots, runs, and vaults; asbestos-containing wire and cable; asbestos-containing conduit; asbestos-containing wiping pads, asbestos gloves, and asbestos-containing washers, paper, and textiles in telephone equipment, and other construction and various insulating and heat resistant materials.

98. At all times herein relevant, defendants also specified the manner and methods of their employees' work activities to be carried out in a manner that necessarily would, and did, disturb asbestos-containing materials, including at times when and locations where Plaintiff WILLIAM DAVIDSON was present.

99. For example, defendants directed their employees to disturb asbestos-containing building materials in a manner that contaminated the environment where Plaintiff worked and thereby exposed him to harmful levels of asbestos. Such building materials included: asbestos-containing insulation on pipes, boilers, and tanks; asbestos-containing transite boards; asbestos-containing sprayed-on asbestos fireproofing; asbestos-containing ceiling and floor tiles; asbestos-containing insulation on emergency power generators; asbestos-containing insulation on tracing vaults, safes, and files; and asbestos cement conduit.

100. Defendants were negligent in specifying, selecting, supplying, distributing and/or disturbing asbestos-containing materials in that said products were unsafe in that they released asbestos fibers and dust into air when used, which could and foreseeably would be inhaled by "exposed persons," including Plaintiff, and which could and foreseeably would settle onto the clothes, shoes, hands, face, hair, skin, and other body parts of "exposed

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

persons," including Plaintiff, thus creating a situation whereby workers and bystanders, including Plaintiff, would be exposed to dangerous asbestos dust.

101. Defendants were negligent in specifying the manner and methods of their employees' work activities in that said activities were unsafe in that they released asbestos fibers and dust into air which could and foreseeably would be inhaled by "exposed persons," including Plaintiff, and which could and foreseeably would settle onto the clothes, shoes, hands, face, hair, skin, and other body parts of "exposed persons," including Plaintiff, thus creating a situation whereby workers and bystanders, including Plaintiff, would be exposed to dangerous asbestos dust. Defendants failed to adequately train and supervise their employees to identify asbestos products and asbestos hazards and to safely handle asbestos and asbestos-containing products so as to guard against the release of respirable fibers and the inhalation of respirable fibers. Defendants failed to warn their employees and bystanders thereto, including Plaintiff, of the known hazards associated with asbestos and the asbestos materials that defendants' employees were using and/or disturbing.

102. The asbestos and asbestos-containing materials described herein were unsafe in that handling and disturbing products which contain asbestos causes the release of asbestos fibers into the air, and the inhalation of asbestos fibers causes serious disease and death. Here, the handling of the above-described asbestos containing materials by defendants' employees, as required by their employment and occurring during the course and scope of their employment, did, in fact, cause personal injuries, including mesothelioma and other lung damage and death, to exposed persons, including Plaintiff WILLIAM DAVIDSON.

103. At all times herein mentioned, defendants knew or should have known that its employees and bystanders thereto, including Plaintiff, frequently encountered asbestos-containing products and materials during the course and scope of their work activities.

104. At all times herein mentioned, defendants knew or should have known that the asbestos-containing materials encountered by their employees, and by bystanders to defendants' employees' work activities, were unsafe in that harmful asbestos fibers were released during the use, handling, breaking, or other manipulation of asbestos-containing

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

products and materials, and that once released, asbestos fibers can be inhaled, and can alight on the clothes, shoes, skin, hair, and body parts of those exposed, where further activity causes the fibers to once again be released into the air where they can be inhaled, all of which causes serious disease and/or death.

105.   At all times herein mentioned, defendants, their "alternate entities," and/or their agents, and each of them, knew or in the exercise of reasonable diligence should have known that absent adequate training and supervision, their employees and bystanders thereto, including Plaintiff, were neither qualified nor able to identify asbestos-containing products nor to identify the hazardous nature of defendants' employees' work activities involving asbestos-containing products.

106.   At all times herein mentioned, Plaintiff was unaware of the dangerous condition and unreasonable risk of personal injury created by the aforesaid presence and use of asbestos-containing products and materials.

107.   In doing the acts herein alleged, defendants failed to use reasonable care to prevent their employees' work activities from harming "exposed persons," including Plaintiff. Defendants failed to take safety measures that would have prevented "exposed persons" from becoming exposed to asbestos as a result of defendants' work activities. Defendants failed to warn persons in the vicinity of their employees' work activities that asbestos hazards existed during the course of these work activities. Defendants failed to adequately hire, train, and/or supervise their employees, so as to avoid undue risk of injury to "exposed persons."

108.   Defendants' failure to use due care as alleged herein proximately caused the injuries and damages to the plaintiffs that are alleged in this complaint.

109.   Defendants' duties as alleged herein exist and existed independently of defendants' other duties, including the duty to maintain their premises in reasonably safe condition, free from concealed hazards; the duty to use due care in exercising control that they retained over the work of contractors that they hired, so as to avoid causing, contributing, or aggravating any harms resulting from the contractors' failure to use due care

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1 in carrying out their work activities; and the duty to use due care in carrying out the

2 statutory and regulatory duties imposed on defendants by various laws, as described herein.

3     110. The herein-described conduct of defendants, their "alternate entities," and/or

4 their agents, and each of them, was undertaken with willful indifference toward, and

5 conscious disregard for, the health and safety of "exposed persons," including Plaintiff.

6 Furthermore, each defendant's officers, directors, and managing agents participated in,

7 authorized, and/or expressly or impliedly ratified and approved of, the acts of each defendant

8 and of each defendant's "alternate entities," as set forth herein. Plaintiffs, for the sake of

9 example and to punish and deter defendants, seek punitive damages according to proof.

10     WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate

11 entities," and/or their agents, and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### NEGLIGENT UNDERTAKING – PERSONAL INJURY

### (Against All Defendants and DOES 1 through 400)

15     111. Plaintiffs re-allege and incorporate here by reference, as though fully set forth

16 at length herein, all of the allegations of paragraphs 1 through 110 above, inclusive.

17     112. At all times herein relevant, AT&T CORP., either for consideration or some

18 other benefit, voluntarily undertook to create and disseminate standards, procedures, and

19 policies governing the safety aspects of every work operation within the Bell System and of

20 the practices and activities performed by all personnel within the Bell System, including

21 those related to asbestos and asbestos-containing products used and encountered at facilities

22 where Bell System workers performed their jobs.

23     113. At all times herein relevant, AT&T CORP. voluntarily undertook for

24 consideration or some other benefit, to render the following services to other companies

25 within the Bell System and/or to the employees of other companies within the Bell System:

26     a. Specified and required the use of asbestos-containing materials by Plaintiff and by

27         others, including Plaintiff's co-workers, employers, and outside contractors, in

28         Plaintiff's vicinity and/or in the areas where Plaintiff also performed work;

- 33 -

b. Required, through its operating procedures, that Plaintiff perform work in the vicinity of persons using, applying, removing, or otherwise disturbing asbestos-containing materials;

c. Instructed Plaintiff and others on how to use, install, remove, and otherwise work with asbestos-containing materials;

d. Developed, implemented, and distributed comprehensive safety and health information and programs to be followed by Plaintiff and others, including Plaintiff's co-workers and outside contractors;

e. Purchased, contracted to purchase, supplied, and provided asbestos-containing materials for installation and repairs at various locations as discussed above;

f. Purchased, leased, designed, constructed, and/or renovated facilities where asbestos-containing building materials and equipment were used, maintained, serviced, repaired, and/or replaced;

g. Designed, construction, and maintained telephone switching buildings in a manner that minimized the flow of fresh air, with the remainder being recirculated interior air, for the purposes of conserving energy and keeping dust out of the offices and away from the equipment, to the detriment of the workers who were thereby exposed to greater amounts of asbestos contaminated air than they would have been if the switching offices were designed differently;

h. Failed to remove and replace asbestos-containing materials at the work locations discussed above with non-asbestos substitutes, which defendants knew or should have known were available;

i. Failed to warn Plaintiff and others that they were working with and around asbestos and asbestos-containing materials and of the risks associated with exposure to asbestos and the asbestos-containing materials that Plaintiff and others worked with and around;

j. Failed to require or advise Plaintiff and others to use equipment and practices designed to reduce the risk of exposure to asbestos during their work;

- 34 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

k. Failed to provide equipment and engineering controls designed to contain asbestos fibers and reduce the risk of asbestos exposure; and

l. Failed to require or advise Plaintiff and others of hygiene practices designed to reduce and/or prevent asbestos exposure.

114. AT&T CORP. voluntarily decided to, and did, disseminate these procedures and render these services to other entities and workers within the Bell System. AT&T CORP. was under no legal duty to undertake the acts herein described.

115. The services that AT&T CORP. provided to other entities and workers within the Bell System, including the promulgation of BSPs/Installation Handbooks, were undertaken in part to ensure the safety of workers within the Bell System. Furthermore, the BSPs/Installation Handbooks were promulgated to promote the success of the Bell System enterprise, and the safety of workers within the system is an essential component of that success, insofar as injured workers cause a decrease in productivity.

116. At all times herein relevant, AT&T CORP. should have recognized that the services it was providing, as described in the preceding paragraph, were necessary for the protection of Bell System workers, and in particular of the Western Electric employees whose job duties required them to use, install, handle, and disturb the asbestos-containing products described above. AT&T CORP.'s promulgation of BSPs/Installation Handbooks (which were subsequently converted into and used as Western Electric Installation Handbooks) purported to promote safe work practices, when in fact they did just the opposite with respect to those workers who encountered asbestos-containing products during the course of their work, created an unreasonable risk of harm to others, including Plaintiff. A reasonable person in AT&T CORP.'s position would have recognized that negligence in the formulation and promulgation of such work practices standards created an unreasonable risk of asbestos exposure and asbestos-related hmm to a class of persons that included Plaintiff WILLIAM DAVIDSON.

117. AT&T CORP. failed to exercise reasonable care in providing these services that AT&T CORP. undertook to perform, and Plaintiff was occupationally exposed to

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 35 -

1   asbestos as a result of this negligence.

2       118.   AT&T CORP.'s negligent undertakings, as described herein, occurred prior to

3   and during the years when Plaintiff WILLIAM DAVIDSON was exposed to asbestos while

4   working for Western Electric, from approximately the 1950s to the 1970s.

5       119.   AT&T CORP.'s failure to use reasonable care in these undertakings caused

6   Plaintiff to become occupationally exposed to asbestos while handling, transporting,

7   installing, replacing, removing, and otherwise disturbing asbestos-containing products,

8   pursuant to the operating procedures and instructions that AT&T CORP. voluntarily

9   undertook to develop, disseminate, and require Bell System members to follow.

10       120.   Plaintiff WILLIAM DAVIDSON suffered the physical harm described herein

11   because he and/or his employer and/or other Bell System entities and employees who

12   followed AT&T CORP.'s BSPs/Installation Handbooks with respect to the use, handling,

13   and disturbance of asbestos-containing materials, relied on AT&T CORP.'s

14   BSPs/Installation Handbooks in carrying out the work activities that involved asbestos-

15   containing products.

16       121.   AT&T CORP.'s failure to use reasonable care in the undertakings described

17   herein increased the risk that Plaintiff would develop the asbestos-caused cancer that he

18   developed, to wit: mesothelioma.

19       122.   As a direct and proximate result of the failure of AT&T CORP. to use

20   reasonable care in the undertakings described above, plaintiffs sustained injuries and

21   damages as set forth herein.

22       123.   In doing the acts and omissions herein alleged, AT&T CORP. acted in

23   conscious disregard and with willful indifference to the health and safety of "exposed

24   persons," including Plaintiff. Furthermore, officers, directors, and/or managing agents of

25   AT&T CORP. participated in, authorized, and/or expressly or impliedly ratified and

26   approved of, the creation, contents, dissemination, and implementation of the

27   BSPs/Installation Handbooks and the requirement that Bell System entities and workers

28   follow the BSPs/Installation Handbooks. Plaintiffs seek punitive damages therefor.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 36 -

WHEREFORE, Plaintiffs pray judgment against AT&T CORP. as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## LOSS OF CONSORTIUM

### (Against All Defendants and DOES 1 through 400)

124.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 123 above, inclusive.

125.    Plaintiff PEARL DAVIDSON was at all relevant times the lawfully wedded spouse of plaintiff WILLIAM DAVIDSON.

126.    Plaintiff WILLIAM DAVIDSON sustained injuries caused by inhalation of asbestos fibers as alleged herein above.  Prior to the aforesaid injuries, plaintiff WILLIAM DAVIDSON was able to and did perform duties as a spouse.

127.    Subsequent to the injuries, and as a proximate result thereof, plaintiff WILLIAM DAVIDSON was unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and therefore has sustained special damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

128.    Subsequent to the injuries, and as a proximate result thereof, plaintiff PEARL DAVIDSON suffered loss of consortium, including, but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

129.    As the above referenced conduct complained of in this complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and that said defendants, and each of them, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff PEARL DAVIDSON, such that plaintiff, for the sake of example, and by way of punishing

PLAINTIFFS' COMPLAINT

1  said defendants, seeks punitive damages according to proof.

2      **WHEREFORE**, plaintiffs pray judgment against defendants, and DOES 1 through

3  400, and each of them, inclusive, as follows:

4      1. For general damages according to proof;

5      2. For special damages according to proof;

6      3. For medical and related expenses according to proof;

7      4. For loss of income, earning capacity, earning potential according to proof;

8      5. For exemplary or punitive damages according to proof;

9      6. For costs of suit herein;

10     7. For prejudgment interest on all damages as allowed by laws; and

11     8. For such other and further relief as the Court deems just and proper.

12

13  DATED: July 29, 2016.                WEITZ & LUXENBERG, P.C.

14

15                                      BY:

16                                          LEONARD SANDOVAL
                                            Attorneys for Plaintiffs

17

18                          **DEMAND FOR JURY TRIAL**

19      Plaintiffs demand a jury trial on all issues.

20  DATED: July 29, 2016.                WEITZ & LUXENBERG, P.C.

21

22                                      BY:

23                                          LEONARD SANDOVAL
                                            Attorneys for Plaintiffs

24

25

26

27

28

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 38 -