1  Benno Ashrafi, Esq. (CSBN 247623)
2  *bashrafi@weitzlux.com*
   Josiah Parker, Esq. (CSBN 278703)
3  *jparker@weitzlux.com*
   WEITZ & LUXENBERG, P.C.
4  1880 Century Park East, Suite 700
5  Los Angeles, California 90067
   Telephone: (310) 247-0921
6  Facsimile:  (310) 786-9927
7
   Attorneys for Plaintiffs
8
9
10              **UNITED STATES DISTRICT COURT**
11             **NORTHERN DISTRICT OF CALIFORNIA**
12

13  WILLIAM DAVIDSON, an individual;      CASE NO.  3:16-cv-05766-JCS
    PEARL DAVIDSON, an individual;
14                                         **PLAINTIFFS' NOTICE OF MOTION
15              Plaintiffs,                AND MOTION TO REMAND FOR
         v.                                LACK OF SUBJECT MATTER
16                                         JURISDICTION; MEMORANDUM
17  ALCATEL-LUCENT USA INC., et al.        OF POINTS AND AUTHORITIES**
18
19              Defendants.                Hearing Date:      December 2, 2016
                                           Time:              9:30 A.M.
20                                         Place:             Courtroom G
                                           Judge:             Hon. Joseph C. Spero
21
22                                         Complaint Filed:   July 29, 2016
                                           Trial Date:         None Set
23
24
25
26
27
28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 2, 2016, at 9:30 a.m., or as soon thereafter as the court may hear this matter, in Courtroom G of the above-referenced Court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs will move the Court for an order remanding this action pursuant to 28 U.S.C. § 1447(c) to the Alameda Superior Court.  Plaintiffs so move on the ground that the Court does not have subject matter jurisdiction over this action. *Koohi v. United States*, 976 F.2d 1328, 1331 (9th Cir. 1992); *Lane v. Halliburton*, 529 F.3d 548, 554 (5th Cir. 2008); *Bixby v. KBR, Inc*., 748 F. Supp. 2d 1224, 1233-1246 (D. Or. 2010).

This motion is based upon this notice, the memorandum of points and authorities, the declaration of Josiah Parker and exhibits attached thereto, and all of the pleadings, papers, and records on file in this action.

Dated: October 13, 2016

Respectfully submitted,
WEITZ & LUXENBERG, P.C.

By: _____

BENNO ASHRAFI
JOSIAH PARKER
Attorneys for Plaintiff

---

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND FACTS......................................................... 1

II.   DEFENDANTS EVIDENCE FAILS TO SUPPORT FEDERAL

      ENCLAVE REMOVAL ............................................................ 4

      A.    Defendants Bear the Burden of Showing that Fort Yukon Air Force

            Station was a Federal Enclave................................................ 4

      B.    Defendants have Failed to Produce Evidence that Fort Yukon Air

            Force Station was a Federal Enclave During Davidson's Alleged

            Asbestos Exposure. ........................................................ 6

            1.    Defendants have provided no evidence that the United States

                  purchased and owned the tract of land constituting Fort

                  Yukon Air Force Station.......................................... 9

            2.    Defendants have provided no evidence that the United States

                  consented to exclusive jurisdiction over Fort Yukon Air

                  Force Station.................................................. 9

III.  DEFENDANTS' EVIDENCE FAILS TO SUPPORT FEDERAL

      OFFICER REMOVAL ........................................................... 11

      A.    Standard of Review When Requesting Remand from Removal

            Under § 1442(a)(1). ...................................................... 11

      B.    Defendants are "Persons" Under § 1442(a)(1). ..................... 12

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.      Defendants Cannot Show that Davidson Worked at Fort Yukon Air

        Force Station Under the Direction of a Federal Officer. ........................ 12

D.      Defendants Cannot Show a Nexus Between Davidson's Asbestos

        Personal Injury Claims and Their Conduct Under Federal

        Direction. ............................................................................................. 14

E.      Defendants Have Not Raised a Colorable "Government

        Contractor" Defense. ........................................................................... 16

IV.   CONCLUSION ............................................................................................. 18

- 3 -

# TABLE OF AUTHORITIES

## Cases

*Abasolo v. CrystalView Technology Corp.*, 2009 WL 2871891.................................... 6

*Abbay v. Aurora Pump Co.*, 163 Wash.App. 1002, 2011 WL 3433131 ...................... 5

*Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir.1998)...............................4, 6

*Arness v. Boeing N. Am., Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998) ........................... 15

*Ballenger v. Agco Corp.*, 2007 WL 1813821 (N.D. Cal. June 22, 2007) ................... 14

*Blackman v. Asbestos Defendents (BHC)*, 1997 WL 703773 (N.D. Cal. Nov. 3, 1997) ......................................................................................................................... 13

*Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) ........................................ 18

*Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d 582 (9th Cir.1996)............................... 18

*Cabalce v. VSE Corp.*, 922 F.Supp.2d 1113 (D. Hawai'i 2013) ...........................15, 17

*Cassidy v. Tenorio*, 856 F.2d 1412 (9th Cir. 1988)................................................... 13

*Celli v. Shoell*, 40 F.3d 324 (10th Cir.1994)............................................................... 7

*Cmty. Hous. P'ship v. Byrd*, No. 13-3031 JSC, 2013 WL 6087350 (N.D. Cal. Nov. 19, 2013)............................................................................................................... 8

*Community Ins. Co. v. Rowe*, 85 F.Supp.2d 800 (S.D.Ohio 1999).............................. 6

*County of Los Angeles v. Superior Court*, 21 Cal.App.4th 292 (1999) ....................... 2

*Cundiff v. Lone Star Industries, Inc.*, 2012 WL 420125 ............................................. 5

*Dekalb Cnty., Georgia v. Henry C. Beck Company*, 382 F.2d 992 (5th Cir.1967) ..... 11

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir.2006)..........................4, 5

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

*Early v. Northrop Grumman Corp.*, 2013 WL 3872218 (C.D. Cal. 2013)................. 16

*Fisher v. Asbestos Corp.*, 2014 WL 3752020 (C.D. Cal. July 30, 2014).................... 12

*Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D.Cal.1992) .....................................4, 13, 14

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir.1992) ................................................ 5

*Hagen v. Benjamin* Foster Co., 739 F. Supp. 2d 770 (E.D. Pa. 2010)...................... 13

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010)................................................. 13

*Hudson v. Coleman*, 347 F.3d 13 (6th Cir. 2003)........................................ 5

*In re Haw. Fed. Asbestos Cases*, 960 F.2d 806 (9th Cir.1992) .................................. 18

*Internet Specialties West, Inc. v. ISPWest*, No. CV 05–3296 FMC AJWX, 2006

    WL 4568796 (C.D.Cal. Sept.19, 2006)................................................... 9

*Krangel v. Crown*, 791 F. Supp. 1436 (S.D. Cal. 1992) ........................................... 13

*Leite v. Crane Co.*, 868 F.Supp.2d 1023 (D. Haw. 2012) ......................................... 12

*Lord v. Local Union No.208*8, 646 F.2d 1057 (5th Cir.1981)..................................... 6

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ............................................ 3

*McMann v. Air & Liquid Sys. Corp.*, 2013 WL 5738926 (W.D. Wash. Oct. 22,

    2013) ...................................................................................... 16

*Overly v. Raybestos-Manhattan*, 1996 WL 532150 (N.D.Cal. Sept. 9, 1996)............ 16

*Paul v. United States*, 371 U.S. 245 (1963).....................................................7, 10, 11

*Reaser v. Allis Chambers Corp.*, 2008 WL 8911521 (C.D. Cal. June 23, 2008)........ 16

*Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744 (9th Cir. 1997)......................... 18

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F.Supp.2d 773 (S.D.Texas 1999)....... 9

- 5 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

*Stiefel v. Bechtel Corp.*, 497 F.Supp.2d 1138 (S.D.Cal.2007) ................................. 10

*Taylor v. Lockheed Martin Corporation*, 78 Cal.App.4th 472 (2000) ...................... 10

*Thomas v. Anchorage Equal Rights Commission*, 165 F.3d 692 (9th Cir. 1999) ....... 13

*U.S. v. Davis*, 726 F.3d 357 (2d Cir.2013) ................................................................ 8

*United States v. Jackson*, 208 F.3d 633 (7th Cir.2000)............................................... 9

*Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007)...........................16, 17

*Weese v. Union Carbide Corp.*, 2007 WL 2908014 (S.D. Ill. Oct. 3, 2007) .............. 15

*Willis v. Buffalo Pumps Inc.* 2014 WL 3671269 (S.D. Cal. 2014)........................18, 19

*Willis v. Buffalo Pumps, Inc.*, 2013 WL 1316715 (S.D. Cal. Mar. 29, 2013)............. 13

*Zunifa v. Chugach Maintenance Services,* 2006 WL 769317 ..................................... 5

*Zuniga v. Chugach Maint. Servs.*, No. CVF060048AWILJO, 2006 WL 769317

(E.D. Cal. Mar. 24, 2006) ...................................................................... 10

**Statutes**

28 U.S.C. § 1441................................................................................................ 4

28 U.S.C. § 1447................................................................................................ 3

40 U.S.C. § 3112................................................................................................ 7

40 U.S.C.A. § 3112............................................................................................ 11

Code. Civ. Proc. § 377.34 ................................................................................. 2

Code. Civ. Proc. §36......................................................................................... 2

Pub.L. 85-508, § 11(b), 72 Stat. 347 ................................................................ 8

**Other Authorities**

Article I, § 8, cl. 17 ..................................................................................6, 7

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER
JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND FACTS

On October 7, 2016, Plaintiffs were served Alcatel-Lucent USA Inc., AT&T Corp. and Pacific Bell Telephone Company's—collectively "Defendants'"—Notice of Removal of the underlying action from Alameda County Superior Court, to the United States District Court for the Northern District of California, Western Division.  The Notice of Removal was filed October 6, 2016.

Defendants claim that removal is proper under 28 U.S.C. § 1441(a) because any work that Plaintiff William Davidson ("Davidson") performed for Western Electric and AT&T at Fort Yukon Air Force Station in Alaska during the early 1960s, occurred on a federal enclave. They also claim that removal is proper under 28 U.S.C. § 1442(a)(1) because any work that Davidson performed at Fort Yukon Air Force Station took place under the detailed direction of a federal officer.

Defendants' Notice of Removal is not well taken.  As shown below, Defendants have not produced any evidence to support either basis for federal question jurisdiction.

With respect to federal enclave jurisdiction, Defendants have not produced any evidence that the United States government owned or condemned the land constituting Fort Yukon Air Force Station prior to Alaska's 1950s grant of exclusive jurisdiction to any military bases owned, at the time, by the federal government.  Nor has it produced any evidence demonstrating that   the United States formally *accepted* exclusive

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

jurisdiction over the base by filing a notice of acceptance with the governor of Alaska, or as otherwise provided under Alaska law.

Similarly, with respect to federal officer jurisdiction, Defendants have failed to produce any evidence that in performing work at Fort Yukon during the early 1960s, Western Electric and AT&T were made to comply with government specifications mandating their use of asbestos-containing products, and preventing them from using industry-standard safety protocols to prevent workplace exposure to asbestos.

Defendants' removal is therefore meritless. Nor is that a small matter. Davidson is 82 years old and dying of mesothelioma. His treating oncologist, and a board certified thoracic surgeon, have opined that there is substantial doubt of his survival beyond three months.[1] If Davidson passes away before trial, any recovery of damages for his pain and suffering will be precluded by California law, resulting in the loss of a significant and important remedial right.[2] Davidson's motion for trial setting preference was set to be heard on October 11, 2016—just five days before Defendants filed their Notice of Removal.[3] Under California law, a party is entitled to a trial date within 120 days of the order granting preference.[4] Defendants' meritless Notice of Removal therefore smacks of the basest gamesmanship; an act aimed at

[1] Parker Decl., Ex. A, Motion for Preference and Supporting Documents.

[2] Code. Civ. Proc. § 377.34; see also *County of Los Angeles v. Superior Court*, 21 Cal.App.4th 292, 295-96 (1999).

[3] Parker Decl., Ex. C, Court Register of Action and Tentative Advancing the Hearing Date and Granting the Motion for Preference.

[4] Code. Civ. Proc. §36(a) and §36(d).

forestalling Davidson's trial date, and therefore increasing the probability he will pass before his day in court.

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[5] An award of attorneys' fees may be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal."[6]

The lack of evidentiary support cited in Defendants' Notice of Removal shows that it was improper. Plaintiffs therefore request this court to not only remand this case back to Alameda County Superior Court, but to award them costs and expenses in bringing this motion.

///

///

///

///

///

///

///

---

[5] 28 U.S.C. § 1447(c).

[6] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION;
MEMORANDUM OF POINTS AND AUTHORITIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

## II.

## DEFENDANTS EVIDENCE FAILS TO SUPPORT FEDERAL ENCLAVE REMOVAL

### A.  Defendants Bear the Burden of Showing that Fort Yukon Air Force Station was a Federal Enclave.

Generally, an action is removable to federal court only if it could have been brought there.[7] Defendants' Notice of Removal asserts federal question jurisdiction based, in part, on Davidson's work at an alleged federal enclave, Fort Yukon Air Force Station.[8] "Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction."[9]

Removals based on federal question jurisdiction are governed by the general removal statute, 28 U.S.C. § 1441(a). The general removal statute is to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court.[10] The strong presumption against removal means that the

---

[7] 28 U.S.C. § 1441(a).

[8] Notice of Removal ¶13, 19-20; *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir.2006) ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'").

[9] *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir.1998); *Fung v. Abex Corp.*, 816 F.Supp. 569, 571 (N.D.Cal.1992) (failing to plead that exposure to asbestos occurred in an enclave does not shield plaintiff from the effect of the enclave doctrine).

[10] *Durham*, 445 F.3d at 1252, citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

defendant always bears the burden of proving removal was proper.[11] Thus since Defendants claim that Fort Yukon Air Force Station was a federal enclave during Davidson's alleged asbestos exposure, they bear the burden of proving that contention.[12]

In ruling on a motion to remand, district courts may consider evidence outside the pleadings, such as affidavits, documents, or even a limited evidentiary hearing, to resolve disputed jurisdictional facts.[13]

---

[11] *Gaus*, 980 F.2d at 566.

[12] See, e.g., *Hudson v. Coleman*, 347 F.3d 13 (6th Cir. 2003) "[I]t is presumed that a cause lies outside [the federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction"); *Gaus*, 980 F.2d at 566 (finding in a removal action that defendants bear the burden of establishing that events occurred on a federal enclave); *Cundiff v. Lone Star Industries, Inc.* Not Reported in Cal.Rptr.3d, 2012 WL 420125 at *2 (finding in a asbestos-personal-injury action that "[plaintiff] did not bear the burden of proving that his injuries occurred outside a federal enclave. Rather, [defendant] had the burden of establishing that [plaintiff's] claims arose inside a federal enclave because it was the party asserting the existence of a federal enclave and its defense was premised on this fact"); *Abbay v. Aurora Pump Co*., 163 Wash.App. 1002, Not Reported in P.3d, 2011 WL 3433131 at *10 (finding in an asbestos-personal-injury action that "[t]he respondents appear to contend that [the plaintiff's] bears the burden of showing either that his alleged [asbestos] exposures did not occur within a federal enclave or that the disclaimer [in his complaint to asbestos exposures which occurred on federal enclaves] does not apply to all of his possible bases of recovery. They do not explain, however, why such a showing is an essential element of [the plaintiff's] tort claims. Accordingly, the respondents, as the moving parties, have the burden of establishing that the disclaimer applied to all of [the plaintiff's] causes of action"); *Zunifa v. Chugach Maintenance Services,* Not Reported in F.Supp.2d, 2006 WL 769317 at *8 ("[T]he court is not convinced, based on the briefing currently before the court, that Edwards Air Force Base is a federal enclave. Defendants offer no evidence that the United States formally accepted exclusive federal jurisdiction over Edwards Air Force Base…Defendants offer no evidence that the State of California ever consented to the exclusive federal jurisdiction of the United States. Defendants have cited no case finding that Edwards Air Force Base is a federal enclave over which the United States has exclusive federal jurisdiction. Simply put, Defendants have failed on this motion to dismiss to meet their burden to show Edwards Air Force Base is a federal enclave…"); *Abasolo v. CrystalView Technology Corp*., Not Reported in Cal.Rptr.3d, 2009 WL 2871891 at *12 ("[W]e conclude that the trial court correctly placed the burden of establishing a federal enclave jurisdiction on [defendant], as the party asserting its existence.").

[13] *Community Ins. Co. v. Rowe*, 85 F.Supp.2d 800, 804 (S.D.Ohio 1999).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

**B.    Defendants have Failed to Produce Evidence that Fort Yukon Air Force Station was a Federal Enclave During Davidson's Alleged Asbestos Exposure.**

Article I, § 8, cl. 17 of the U.S. Constitution, provides that Congress has the power

> [t]o exercise exclusive Legislation in all Cases whatsoever, over such District ... as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful buildings....

Such places over which Congress exercises exclusive legislation and authority pursuant to this clause are "federal enclaves."[14]

"Whether federal enclave jurisdiction ... exists is a complex question, resting on such factors as whether the federal government exercises exclusive, concurrent or proprietorial jurisdiction over the property, when the property became a federal enclave and what the state law was at that time, whether that law is consistent with federal policy, and whether it has been altered by national legislation."[15]

As the case law has developed, the following elements must be proven by the party seeking to establish that a given area of land is a federal enclave:

1) that the United States purchased the land from a state for the purpose of

---

[14] *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Lord v. Local Union No.208*8, 646 F.2d 1057, 1059 (5th Cir.1981).

[15] *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir.1994).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

erecting "forts, magazines, arsenals, dock-yards, or other needful buildings";[16]

2) that the state legislature consents to the exclusive jurisdiction of the federal government over the land;[17] and

3) if the land was acquired after 1940, the federal government accepted jurisdiction "by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated."[18]

Here, Defendants claim that Fort Yukon Air Force Station was a federal enclave during Davidson's alleged asbestos exposure based solely on Alaska Statehood Act, Pub.L. 85-508, § 11(b), 72 Stat. 347, which provides that:

> Notwithstanding the admission of the State of Alaska into the Union, authority is reserved in the United States, subjected to the proviso hereinafter set forth, for the exercise by the Congress of the United States of the power of exclusive legislation, as provided by article 1,

---

[16] Article I, § 8, cl. 17, *supra*.

[17] *See Paul v. United States*, 371 U.S. 245, 264 (1963).

[18] *See* 40 U.S.C. § 3112(b) (2006); *see also Paul*, 371 U.S. at 264–65 (noting that since 1940 Congress has required the United States to assent to the transfer of jurisdiction over property); *Cmty. Hous. P'ship v. Byrd*, No. 13-3031 JSC, 2013 WL 6087350, at *4 (N.D. Cal. Nov. 19, 2013) ("[I]n 1940 Congress enacted legislation removing th[e] presumption [that in the absence of evidence to the contrary, federal jurisdiction was exclusive for all land purchased by the United States, and] instead provided that '[i]t is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction' by 'filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated'…This ensures 'a definite method of acceptance of jurisdiction so that all persons could know whether the government had obtained 'no jurisdiction at all, or partial jurisdiction, or exclusive jurisdiction.'"); *U.S. v. Davis*, 726 F.3d 357, 364 (2d Cir.2013) (internal citation omitted) ("[I]n the absence of an explicit acceptance of jurisdiction by the federal government, the federal government's possession is 'simply that of an ordinary proprietor'" and does not give rise to federal subject matter jurisdiction.").

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES

section 8, clause 17, of the Constitution of the United States, in all cases whatsoever over such tracts or parcels of land as, immediately prior to the admission of said State, are owned by the United States and held for military, naval, Air Force, or Coast Guard purposes, including naval petroleum reserve numbered 4, whether such lands were acquired by secession and transfer to the United States by Russia and set aside by act of Congress or by Executive order or proclamation of the President or the Governor of Alaska for the use of the United States, or were acquired by the United States by purchase, condemnation, donation, exchange, or otherwise…

(Parker Decl. Ex. B, Alaska Statehood Act, Pub.L. 85-508, § 11(b), 72 Stat. 347.)[19]

Even if it was true that Alaska Statehood Act, Pub.L. 85-508, § 11(b), 72 Stat. 347 represents Alaska's consent to the exclusive federal jurisdiction "such tracts or parcels of land as, immediately prior to the admission of said State, are owned by the United States and held for military, naval, Air Force, or Coast Guard purposes," it does not follow that the United States owned Fort Yukon Air Force Station prior to Alaska's statehood, nor, assuming that it did, that it consented to exclusive jurisdiction over the base. Thus Defendants have failed to show that Fort Yukon Air Force Station is, or was, a federal enclave.

---

[19]    Defendants also cite to a web site, http://dnr.alaska.gov./Assets/uploads/DNRPublic/parks/oha/publications/histaircontrol.pdf, for the proposition that "[c]onstruction on Fort Yukon Air Force Station began in June 1955, while Alaska was still in the Federal Territory, and was completed in February 1958, nearly a year before Alaska became a State." Notice of Removal ¶ 13. Plaintiffs object to the link to this 140-page document as lacking foundation, unauthenticated, and hearsay. See *Internet Specialties West, Inc. v. ISPWest*, No. CV 05–3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D.Cal. Sept.19, 2006) (stating that "[t]o be authenticated, someone with [personal] knowledge of the accuracy of the contents of the internet printouts must testify"); *United States v. Jackson*, 208 F.3d 633 (7th Cir.2000) (statements posted on web sites by non-parties are inadmissible hearsay); *St. Clair v. Johnny's Oyster & Shrimp, Inc*., 76 F.Supp.2d 773 (S.D.Texas 1999) (same).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

**1.    Defendants have provided no evidence that the United States purchased and owned the tract of land constituting Fort Yukon Air Force Station.**

Only tracts of land that the United States has acquired by purchase or condemnation can be federal enclaves.[20]

Here, Defendants have produced no evidence whatsoever that the United States ever purchased or condemned the land constituting Fort Yukon Air Force Station.[21] For all the court knows, Fort Yukon Air Force Station was operated off of land *leased* to the United States, or off of land the United States operated under a trust or grant. Thus defendants have failed to establish the first element for approving any federal enclave. This court lacks federal enclave jurisdiction for this reason alone.

**2.    Defendants have provided no evidence that the United States consented to exclusive jurisdiction over Fort Yukon Air Force Station.**

Even if this court were to assume that Fort Yukon Air Force Station was owned by the United States, Defendants have introduced no evidence that the United States

---

[20] *Stiefel v. Bechtel Corp.*, 497 F.Supp.2d 1138 (S.D.Cal.2007) (applying the federal enclave doctrine to bar state-law claims relating to Camp Pendleton, which was land the federal government had purchased from California); *Paul*, 371 U.S. at 264 (In order to constitute a federal enclave, a state must acquire the land "by purchase or condemnation.*") Zuniga v. Chugach Maint. Servs.*, No. CVF060048AWILJO, 2006 WL 769317, at *7 (E.D. Cal. Mar. 24, 2006) ("In *Taylor*, the California Court of Appeal stated that a federal enclave 'is created when the federal government purchases land within a state with the state's consent, which may be conditioned on the retention of state jurisdiction consistent with the federal use.'") (citing *Taylor v. Lockheed Martin Corporation*, 78 Cal.App.4th 472 (2000).)

- 9 -

WEITZ & LUXENBERG P.C.<br>A PROFESSIONAL CORPORATION<br>LAW OFFICES<br>1880 CENTURY PARK EAST, SUITE 700<br>LOS ANGELES, CALIFORNIA 90067

formally *accepted* the exclusive jurisdiction extended to it under Alaska Statehood Act, Pub.L. 85-508, § 11(b), 72 Stat. 347.

According to 40 U.S.C.A. § 3112 (originally enacted as 40 U.S.C.A. § 255 in 1940):

> (a) It is not required that the Federal Government obtain exclusive jurisdiction in the United States over land or an interest in land it acquires.

> (b) When the head of a department, agency, or independent establishment of the Government… considers it desirable, that individual may accept or secure, from the State in which land or an interest in land …is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. **The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated**.

> (c) **It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section.**

(emphasis added).[22]

Here, Defendants have failed to provide any evidence that the United States filed a notice of acceptance with the governor of Alaska accepting exclusive jurisdiction over Fort Yukon Air Force Station.  Accordingly, Defendants have also failed to establish the third element of the federal-enclave test.

---

[21] Notice of Removal ¶¶ 13, 19-20.

[22] *See also Paul*, 371 U.S. at 264–65 (noting that since 1940 Congress has required the United States to assent to the transfer of jurisdiction over property); *Dekalb Cnty., Georgia v. Henry C. Beck Company*, 382 F.2d 992, 994–95 (5th Cir.1967) (holding that the United States must take some affirmative action pursuant to state law to accept jurisdiction over federal enclaves).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION;
MEMORANDUM OF POINTS AND AUTHORITIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

Because Defendants have failed to produce a shred of evidence that the United States purchased the land constituting Fort Yukon Air Force Station in Alaska, or that it accepted exclusive jurisdiction over the same, Defendants have failed to meet their burden of proving that Fort Yukon Air Force Station was a federal enclave.

### III.

### DEFENDANTS' EVIDENCE FAILS TO SUPPORT FEDERAL OFFICER REMOVAL

**A.  Standard of Review When Requesting Remand from Removal Under § 1442(a)(1).**

"When…the plaintiff has raised a factual attack by contesting the truth of [the removing defendant's] allegations regarding the existence of a colorable federal defense and the requisite causal nexus, the defendant bears the burden of proving by a preponderance of the evidence that the…requirements for removal jurisdiction have been met."[23]

Because a party removing under § 1442(a)(1)'s federal officer defense need only prove that its defense is "colorable" to justify removal, Defendants can meet their burden by "identif[ying] facts which, viewed in the light most favorable to

---

[23] *Fisher v. Asbestos Corp*., 2014 WL 3752020, at *3 (C.D. Cal. July 30, 2014) (internal citations omitted); see also *Leite v. Crane Co*., 868 F.Supp.2d 1023, 1030 (D. Haw. 2012); *Snell v. Bell Helicopter Textron, Inc*., 107 F.3d 744, 746 (9th Cir.1997) (defendants bear the burden of proof on affirmative defenses).

[Defendants], entitle [them] to a complete defense."[24]

These facts, however, must be supported by evidence.  Mere allegations of a colorable federal officer defense are insufficient.[25]

### B.   Defendants are "Persons" Under § 1442(a)(1).

For purposes of discussion, Plaintiffs will assume that Defendants are "persons" under the federal officer removal statute.[26]

### C.   Defendants Cannot Show that Davidson Worked at Fort Yukon Air Force Station Under the Direction of a Federal Officer.

"To show that [they were] acting under the direction of a federal officer, Defendant[s] must show that a federal officer had 'direct and detailed control' over

---

[24] *Willis v. Buffalo Pumps, Inc*., 2013 WL 1316715, at *3 (S.D. Cal. Mar. 29, 2013), citing *Hagen v. Benjamin* Foster Co., 739 F. Supp. 2d 770, 778 (E.D. Pa. 2010).

[25] *Thomas v. Anchorage Equal Rights Commission*, 165 F.3d 692, 705 (9th Cir. 1999) ("[T]he colorable-basis standard require[s] some evidence tending to show the existence of the essential elements of the defense"), opinion withdrawn on other grounds, 220 F.3d 1134 (9th Cir. 2000) (en banc); *Cassidy v. Tenorio*, 856 F.2d 1412, 1416 (9th Cir. 1988) (holding that mere allegations of a meritorious defense are insufficient to be "colorable" to set aside a default judgment); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ('When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof.").

[26] But compare *Krangel v. Crown*, 791 F. Supp. 1436, 1446 (S.D. Cal. 1992) ("I find that the presumption that Congress' definition of the word 'person' includes corporations is outweighed in light of the purpose of the statute, the fact that ambiguities should be resolved against federal jurisdiction, and the strong interest of the states in adjudicating the rights and obligations of their citizens."), with *Fung v. Abex Corp*., 816 F.Supp. 569, 571–72 (N.D.Cal.1992) ("[D]efendant General Dynamics can be characterized as a person under § 1442(a)(1) as a builder of submarines under the supervision of the Secretary of Navy or his delegees."); *Blackman v. Asbestos Defendants (BHC)*, 1997 WL 703773, at *2 (N.D. Cal. Nov. 3, 1997) ("Because Thiokol is a corporation, the Court finds that it qualifies as a 'person.'").

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

[them]."[27] "If [they] establish[] only that the relevant acts occurred under the general auspices of a federal officer, such as being a participant in a regulated industry, they are not entitled to remove under section 1442(a)(1)."[28]

Here, Defendants have not shown that a federal officer had ***any*** control over Davidson's work at Fort Yukon Air Force Station, let alone "direct and detailed control."[29] And while they assert that the "Air Force required Western Electric to perform its duties under the supervision of the Air Force and in accordance with Air Force policies, procedures, and specifications," and that "the Air Force required the products supplied by Western Electric comply with military specifications,"[30] they neither cite to, nor provide, these "policies, procedures or specifications."[31]

Thus Defendants have failed to meet the "federal direction" element of their federal officer removal request.

---

[27] *Ballenger v. Agco Corp.*, 2007 WL 1813821, at *3 (N.D. Cal. June 22, 2007), citing *Fung*, supra, 816 F.Supp. at 572.

[28] *Id.* (internal citations omitted)

[29] *Ballenger*, supra, 2007 WL 1813821, at *3.

[30] Notice of Removal, ¶¶ 16-17.

[31] Compare, e.g., *Fung*, 816 F. Supp. at 572–73 (N.D. Cal. 1992) (finding "direct and detailed control" where defendant shipyard contractor produced evidence that federal officers "monitored [Navy shipyard contractor's] performance at all times and required [them] to construct and repair…vessels in accordance with the applicable and approved specifications incorporated into the contracts"); *Ballenger*, *supra* at *3 (finding "direct and detailed control" where defendant provided declarations from a retired U.S. Navy Admiral showing that at the time of the plaintiff's exposure to the defendant shipyard contractor's work, "all private contractors…performed their work pursuant to precise requirements imposed by the Navy and under the Navy's detailed supervision; [that[ 'the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships, including the USS Tappahannock' and did not permit

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

**D.    Defendants Cannot Show a Nexus Between Davidson's Asbestos Personal Injury Claims and Their Conduct Under Federal Direction.**

"[T]o establish the causal nexus sufficient to satisfy the 'acting under' prong of the test for federal officer removal, a removing defendant must show that 'the federal officer really did 'make [the defendant] do it[.]''"[32] Thus it must demonstrate that "the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations."[33]  In the absence of evidence that the removing defendant was without discretion over the complained of conduct, the district court lacks jurisdiction, and remand is appropriate.[34]

Further, proof that the conduct was highly regulated, even monitored, by the

---

deviations from its contractors…[and that] the requirements the Navy imposed on private contractors was that they use asbestos-containing materials in the maintenance and repair of Naval vessels").
[32] *Weese v. Union Carbide Corp.*, 2007 WL 2908014, at *7 (S.D. Ill. Oct. 3, 2007).

[33] *Cabalce v. VSE Corp.*, 922 F.Supp.2d 1113, 1122 (D. Hawai'i 2013); *Arness v. Boeing N. Am., Inc.*, 997 F.Supp. 1268, 1273 (C.D. Cal. 1998) ("Most courts have held that the federal officer must have 'direct and detailed control' over the defendant.... [I]f the corporation establishes only that the relevant acts occurred under the general auspices of federal direction then it is not entitled to § 1442(a)(1) removal.").

[34] Compare, e.g., *Reaser v. Allis Chambers Corp.*, 2008 WL 8911521, at *4 (C.D. Cal. June 23, 2008) (finding that the removing party had articulated a colorable "federal contractor" defense where it submitted "declarations…by Admiral Lehman and Dr. Cushing describe[ing] general naval policies and shipbuilding practices, and illustrat[ing] the lack of discretion given to government contractors in supplying equipment to naval vessels"), with *Overly v. Raybestos-Manhattan*, 1996 WL 532150, at *4 (N.D.Cal. Sept. 9, 1996) (holding that a defendant failed to show a causal nexus between actions allegedly taken at the direction of a federal officer and failure to warn claims arising from exposure to asbestos because "[t]he government in no way restricted [the defendant's] ability to notify individuals of the presence of asbestos in the work environment."); *McMann v. Air & Liquid Sys. Corp.*, 2013 WL 5738926, at *2 (W.D. Wash. Oct. 22, 2013) (finding no colorable "federal contractor" defense because "[w]hile the Court agrees with Crane that it is not obligated to prove its case at this stage of the proceeding, Crane must produce more than speculation and hypothetical interactions").

- 14 -

federal government is not enough:

> [A] highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.[35]

Nor is a "contract with the government…a one-way ticket to federal court."[36]

Here, Defendants cannot show a causal nexus between their alleged conduct under federal direction and the Plaintiffs' claims. As noted above, their "proof" of federal officer control amounts to no more than hand waving. Defendants fail to cite any order, contract, or specification, preventing Western Electric from using non-asbestos materials, or from using industry-standard safety precautions for the protection of workers with, or bystanders to others working with, asbestos products.

In fact, Defendants have failed to even introduce evidence that Davidson was *monitored* by a federal officer.[37]

Thus Defendants failed to meet the "nexus" element of their federal officer removal request. The District Court lacks jurisdiction.

///

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

---

[35] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007).

[36] *Early v. Northrop Grumman Corp.*, 2013 WL 3872218, *6 (C.D. Cal. 2013).

[37] See *Watson*, supra, 551 U.S. at 153 (2007); see also *Cabalce*, supra, 922 F.Supp.2d at 1122 ("The court has already concluded as a matter of law that [defendant] was acting independently—it was an 'independent contractor' for purposes of the [contract], operating without day-to-day control or supervision by the government.").

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

### E.    Defendants Have Not Raised a Colorable "Government Contractor" Defense.[38]

The Government Contractor Defense provides defendants selling military equipment to, or performing work for, the United States with immunity from state law tort claims "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."[39]

As the court explained in *Snell v. Bell Helicopter Textron, Inc.*, in order to meet the first element of the defense, the government's approval of a particular specification must be more than a cursory "rubber stamp" of the design.[40] Rather, approval must result from a "continuous exchange" and "back and forth dialogue" between the contractor and the government.[41] Only when the government engages in a thorough review of the allegedly defective design and takes an active role in testing and implementing it is *Boyle's* first element met.[42]

The Southern District of California holding in *Willis v. Buffalo Pumps Inc.* 2014

---

[38] Notice of Removal, ¶ 22.

[39] *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988).

[40] *Snell*, *supra* at 748.

[41] *Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d 582, 585 (9th Cir.1996).

[42] *Id.*; *In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 813 (9th Cir.1992) (holding that to qualify for the government contractor defense, approved specifications must do more than merely identify "a certain level of performance").

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WL 3671269 (S.D. Cal. 2014) is instructive as to the showing required by asbestos personal injury defendants claiming that they used asbestos in compliance with "reasonably precise government specifications."  In *Willis*, plaintiffs sued a boiler manufacturer alleging that it furnished to the Navy boilers with defective asbestos-containing gaskets and fire brick, to which they were exposed.  The defendant claimed that when it designed its boilers, it was following reasonably precise military specifications.   Finding that the defendant "must clearly establish that precise specifications required [it] to provide its boiler to the Navy equipped with asbestos gaskets and [] refractory and to provide and specify the use of replacement parts containing asbestos," the court found that the defendant's Government Contractor defense failed.

> Defendant cites to the Navy's requirement that "the boiler, supercharger and controls shall be designed for service aboard a combatant type naval ship," [citations]. Defendant also emphasizes that the Navy's ship specification covered all boiler operating criteria, performance requirements, and dimensions and the Navy's military specifications covered all specific components of the boiler and material required to fabricate those components. [citations]. **Notably absent from Defendant's evidence is any "reasonably precise specification" that required the use of asbestos gaskets and refractories in Defendant's boilers or required that such asbestos components be specified and provided as replacement parts**. Accordingly, the Court finds that Defendant has not carried its burden of proving that military specifications conflicted with its common law duty of care, and thus Defendant cannot raise a government contractor defense against Plaintiff's defective design claims.[43]

The same defect that plagued the *Willis* defendant's Government Contractor defense

---

[43] *Id.* at *6 (emphasis added).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

plagues Defendants' Government Contractor defense here.  Defendants have provided no reasonably precise specifications governing the work that Western Electric performed in the early 1960s at Fort Yukon Air Force Station.  Thus they could not possibly have met the first element of the Government Contractor defense, let alone the second element—that they complied with reasonably precise specifications.

In sum, Defendants have not only failed to produce evidence that at Fort Yukon Air Force Station in Alaska was a federal enclave during the 1960s when Davidson worked there, but have failed to produce evidence that any of the work he performed was done under the direction of a federal officer.  So there is no basis for this court's jurisdiction.  It must remand of this case back to state court.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV. <u>CONCLUSION</u>

Based on the foregoing, as well as all other papers and evidence submitted, Plaintiffs respectfully request the Court to remand this case to where it originated, Alameda Superior Court, and to award Plaintiffs the costs and attorney's fees incurred in filing this motion.

Dated: October 13, 2016

Respectfully submitted,
WEITZ & LUXENBERG, P.C.

By: _____
BENNO ASHRAFI
JOSIAH PARKER
Attorneys for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES