Benno Ashrafi, Esq. (CSBN 247623)
*bashrafi@weitzlux.com*
Josiah Parker, Esq. (CSBN 278703)
*jparker@weitzlux.com*
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 247-0921
Facsimile:  (310) 786-9927

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVIDSON, an individual; PEARL DAVIDSON, an individual;<br><br>       Plaintiffs,<br>  v.<br><br>ALCATEL-LUCENT USA INC., et al.<br><br>       Defendants. | CASE NO.  3:16-cv-05766-VC<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Hearing Date:    December 1, 2016<br>Time:            10:00 A.M.<br>Place:           Courtroom 4<br>Judge:          Hon. Vince Chhabria<br><br>Complaint Filed:   July 29, 2016<br>Trial Date:       None Set |

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In their opening motion, Plaintiffs requested remand of this asbestos personal injury action to state court on the ground that: (i) Defendants' Notice of Removal fails to either allege facts sufficient to make federal enclave or federal officer jurisdiction "plausible on its face," or (ii) support the allegations in its Notice of Removal with "competent proof."

As shown below, neither Defendants' Amended Notice of Removal, nor their Opposition papers, cure these defects.  As such, this Court lacks jurisdiction and should remand this matter to Alameda County Superior Court.  It should also award Plaintiffs' costs and expenses for bringing this motion.

## II.   LEGAL ARGUMENT

### A.   Defendants Have Not Met Their Moving Burden.

Plaintiffs' remand motion should be construed as asserting both facial and factual attacks on Defendants' Notice of Removal.

Defendants have not adequately alleged facts—as opposed to "mere legal conclusions"—supporting federal enclave or federal officer jurisdiction in this matter, nor supported those allegations in their removal notice with competent proof.[1]

---

[1] See *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2009) ("Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction."); *id.* at 1121 ("[B]y contrast, [if the opposing party] contests the truth of the [removing party's] factual allegations…the [removing party] must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context.") (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010).)

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1.      Pleading standard on removal.

As with a complaint tested by a motion to dismiss under 12(b)(1), a Notice of Removal must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements' of [a federal defense]. Nor does a [Notice of Removal] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[2] "To survive a motion to [remand], a [removal notice] must contain sufficient factual matter, accepted as true, to 'state a [federal defense] that is plausible on its face.' A [defense] has facial plausibility when the [removing party alleges] factual content that allows the court to draw the reasonable inference that the [it has a viable federal defense]. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [the removing party has a defense]. Where a [Notice of Removal] pleads facts that are 'merely consistent with' a [defense]" it falls short.[3]

"Two working principles underlie" this approach.[4] "First, the tenet that a court must accept as true all of the allegations contained in a [removal notice] is inapplicable to legal conclusions. Threadbare recitals of the elements of a [defense], supported by mere conclusory statements, do not suffice."[5]. "Second, only a [removal notice] that states a plausible [federal defense] survives a [motion for remand]."[6]

### 2.      Evidentiary burden in response to a factual attack.

When the non-removing party contests the facts in the removing party's notice, "[t]he [removing party] bears the burden of proving by a preponderance of the

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Leite*, *supra*, at 1122.
[3] *Iqbal*, *supra*, at 678.
[4] *Id.*
[5] *Id*
[6] *Id.* at 678-79.

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

1    evidence that each of the requirements for subject-matter jurisdiction has been met."[7]

2    In general, "the district court may resolve those factual disputes itself."[8]

3         **B.     Defendants Cannot Establish Federal Enclave Jurisdiction.**

4

5              1.    **Defendants' Removal Notice does not allege facts that raise**

6                    **more than the "mere possibility" that Fort Yukon Air Force**
                    **Station, and the military bases that Davidson claims he worked**
7                    **at in Paris, France, and Stuttgart, Germany, are federal**
                    **enclaves.**
8

9         Defendants' Amended Notice of Removal contains no more than "'labels and

10   conclusions' [and] 'a formulaic recitation of the elements' of [a federal defense]."[9]

11   Defendants' removal notice alleges that at his deposition, Davidson testified that

12   between 1960 and 1962, he worked for AT&T at Fort Yukon Air Force Station in

13   Alaska, and during the late 1960s, he worked for AT&T at "military bases" in Paris,

14   France, and Stuttgart, Germany.  Amended Notice of Removal ¶¶ 11-13.  The removal

15   notice makes no more mention of the bases in Paris, France, and Stuttgart, Germany.

16   *Ibid.*  Indeed, it does not even specify whether these bases were owned or possessed

17   by the United States, or were United States bases at all. Amended Notice of Removal

18   ¶ 13.

19

20        With respect to the Fort Yukon Air Force Station, the notice provides that (i)

21   the federal government built Fort Yukon Air Force Station in 1955 and completed it in

22   1958; and (ii) when it admitted Alaska into the Union in 1959, "Congress retained

23   exclusive jurisdiction over all military installations in Alaska, including Fort Yukon."

24   Amended Notice of Removal ¶ 14.

25

26

27   _____

28   [7] *Leite*, *supra*, at 1122, citing *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012).
     [8] *Id.*, citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983).
     [9] *Iqbal*, *supra*, at 678; see also *Leite*, *supra*, at 1122.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

These allegations are insufficient.  As Plaintiffs pointed out in their Motion, every military base is not a federal enclave.[10]  Thus, the fact that Davidson testified to working at military bases in Paris, France, and Stuttgart, Germany, does not establish that they were federal enclaves.

And while one of the legal bases for federal enclave jurisdiction is reservation of exclusive jurisdiction at the time a state is admitted into the Union, Defendants set forth no facts establishing that Congress, in fact, reserved exclusive jurisdiction over Fort Yukon Air Force Station.[11]  The removal notice simply *states* that "Congress retained jurisdiction over Fort Yukon Air Force Station, and it is still maintained by the United States Air force." Amended Notice of Removal ¶ 14.  But as noted above, "the tenet that a court must accept as true all of the allegations contained in a [removal notice] is inapplicable to legal conclusions."[12]

Defendants might respond that in support of the allegation that Congress retained jurisdiction over Fort Yukon Air Force Station, they cited the Alaska Statehood Act, Pub.L. 85-508, § 11(b), 72 Stat. 347.  But the problem with this claim is that the Alaska Statehood Act neither says that Congress will retain jurisdiction over "all military installations in Alaska" in general, nor Fort Yukon Air Force Station in particular.  Instead, it provides that it will retain exclusive legislative jurisdiction over "such tracts or parcels of land as, ***immediately prior to the admission of said State, are owned by the United States and held for military, naval, Air Force, or***

---

[10] *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir.1994) ("Whether federal enclave jurisdiction ... exists is a complex question, resting on such factors as whether the federal government exercises exclusive, concurrent or proprietorial jurisdiction over the property, when the property became a federal enclave and what the state law was at that time, whether that law is consistent with federal policy, and whether it has been altered by national legislation.").
[11] *Kleppe v. New Mexico*, 426 U.S. 529, 544 (1976) (discussing reservation).
[12] *Iqbal*, 556 U.S. at 678.

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

***Coast Guard purposes***."[13] But as Plaintiffs pointed out in their remand papers, Defendants have produced no evidence whatsoever that Fort Yukon Air Force Station was ***owned*** by the United States immediately prior to Alaska's admission into the Union rather than "operated off of land leased to the United States, or off of land the United States operated under a trust or grant." Motion at 9:10-17.

Other provisions of the Act exacerbate this concern.  Sec. 5 provides that in granting the territory constituting the State of Alaska, "[e]xcept as provided in section 6…the United States shall retain title to all property, real and personal, ***to which it has title***."[14] But the Act does not indicate what "real and personal property" the federal government *retained title to* from the original Alaskan territory at the time Alaska became a state.  For all this Court knows, it was less than the territory that existed in the 1867.  In fact, the Act implies as much.[15]  In other words, the Act implies that that after granting Alaska its state territory, there remained three classes of property in the Alaskan territory: property to which the state held title, property to which the federal government held title, and property to which neither the federal government nor state held title.  Defendants have produced no evidence that Fort Yukon Air Force Station does not fall into the latter class of property.  And if the federal government did not hold title to it before Alaska became a state, it did not reserve exclusive legislative jurisdiction over it.

---

[13] Alaska Statehood Act, Pub.L. 85-508, § 11(b), 72 Stat. 347.

[14] Alaska Statehood Act, Pub.L. 85-508, § 5, 72 Stat. 347. (emphasis added).

[15] See Alaska Statehood Act, Pub.L. 85-508, § 6, 72 Stat. 347 ("nothing herein contained shall affect any valid existing claim, location, or entry under the laws of the United States, whether for homestead, mineral, right-of-way, or other purpose whatsoever, ***or shall affect the rights of any such owner, claimant, locator, or entryman to the full use and enjoyment of the land so occupied***") (emphasis added).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

Thus the Alaska Statehood Act alone is not enough to determine whether Fort Yukon Air Force Station is a federal enclave.

### 2. Defendants have produced no evidence establishing that Fort Yukon Air Force Station is a federal enclave.

Even if Defendants did adequately allege a federal enclave defense in their Notice of Removal (they didn't), they have introduced no "competent proof" to support Plaintiffs' factual attack on that claim.[16]

For the reasons already discussed, the Alaska Statehood Act does not establish that the federal government reserved exclusive legislative jurisdiction over Fort Yukon Air Force Station. But Defendants cited no new evidence in their Opposition to Plaintiffs' remand. Thus Defendants have failed to establish federal enclave jurisdiction.

### C. Defendants Cannot Establish Federal Officer Jurisdiction.

### 1. Defendants' Removal Notice does not allege facts that raise more than the "mere possibility" that Defendants have a viable federal officer defense.

As with Defendants' federal enclave allegations, the federal officer allegations in their amended removal notice are no more than "'labels and conclusions' [and] 'a formulaic recitation of the elements' of [a federal defense]."[17]

---

[16] *Leite*, 749 F.3d at 1121 ("[B]y contrast, [if the opposing party] contests the truth of the [removing party's] factual allegations…the [removing party] must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context."); *Fisher v. Asbestos Corp.*, 2014 WL 3752020, at *3 (C.D.Cal. July 30, 2014) ("When, as here, the plaintiff has "raised a factual attack by contesting the truth of [the removing defendant's] allegations regarding the existence of a colorable federal defense and the requisite causal nexus," the defendant "bears the burden of proving by a preponderance of the evidence that the ... requirements for removal jurisdiction have been met.").

[17] *Iqbal*, 556 U.S. at 678; see also *Leite*, *supra*, at 1122.

Those allegations include that:

- Any services and products supplied by AT&T or Western Electric at Fort Yukon would have been provided pursuant to contract with and under the direction and supervision of the Air Force. Amended Removal Notice ¶ 25(b).
- The Air Force provided reasonably precise specifications for the work and products supplied by AT&T or Western Electric at Fort Yukon. Amended Removal Notice ¶ 25(d).
- Any services AT&T or Western Electric provided to military bases in France or Germany would have been provided under the direction and supervision of the United States government, pursuant to contract and reasonably precise specifications issued by the United States government. Amended Removal Notice ¶¶ 19-20.
- AT&T and Western Electric are sued for damages allegedly arising out of their work as government contractors. Amended Removal Notice ¶ 25(c).
- As government contractors, performing work on a federal enclave and at defense bases abroad, AT&T and Western Electric of colorable defenses under federal law. Amended Removal Notice ¶ 25(d)-(f).

Each of these claims is devoid of any factual content. They provide no information about the alleged contracts AT&T or Western Electric entered into at Fort Yukon or bases in France or Germany; who directed them to perform their duties under those contracts; whether the military bases in France or Germany were United States territories or controlled by the United States; what "reasonably precise specifications" Defendants were compelled to follow; whether those "reasonably precise specifications" related in any way to Plaintiffs' asbestos personal injury claims (for instance, that they compelled Defendants to use asbestos-containing products

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  and/or to refrain from using industry-standard asbestos safety protocols); or what,

2  exactly, Defendants' "colorable defenses" are under federal law.[18]

3      In short, each of these allegations amounts to no more than "mere legal

4  conclusions," and together constitute a "formulaic recitation of the elements [of a

5  defense]."[19] And as noted above, "the tenet that a court must accept as true all of the

6  allegations contained in a [removal notice] is inapplicable to legal conclusions."[20]

7      Nor do Defendants' opposition papers help.  In addition to failing to include

8  any additional facts that would ground a colorable government contractor defense,

9  they provide no facts to establish the viability of a Defense Base Act (42 U.S.C. §

10  1651) or a Defense Production Act defense (50 U.S.C. § 2057).  Specifically, and as

11  noted above, with respect to the Defense Base Act, they provide no facts showing that

12  the "military bases" Davidson claimed he worked at in France or Germany were

13  owned or possessed by the United States (or, indeed, the name of those bases, or

14  where they were located).[21]  And with respect to the Defense Production Act,

15  Defendants' opposition papers provide no facts showing that any work that Davidson

16  performed for AT&T or Western Electric fell under the purview of that Act.[22]

---

[18] See, e.g., *Willis v. Buffalo Pumps Inc*. 2014 WL 3671269 (S.D.Cal. 2014) ("Notably absent from Defendant's evidence is any "reasonably precise specification" that required the use of asbestos gaskets and refractories in Defendant's boilers or required that such asbestos components be specified and provided as replacement parts.").
[19] See *Leite*, 749 F.3d at 1122; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).
[20] *Iqbal*, 556 U.S. at 678.
[21] See, e.g., *Davila-Perez v. Lockheed Martin Corp*., 202 F.3d 464, 468 (1st Cir. 2000) (noting that to constitute "territory" for the purposes of the Defense Base Act, the area must be one over which Congress has exclusive jurisdiction and plenary power).
[22] See 8 A.L.R. Fed. 3d Art. 5 (2016) ("Although the main purpose of the Defense Production Act of 1950 (DPA), 50 U.S.C.A. §§ 2061 et seq., was to stabilize prices, wages, and salaries incident to the successful prosecution of the Korean conflict and to prevent inflation, the DPA also empowers the President to order foreign-controlled corporations to divest property owned in the United States.")

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

In sum, Defendants' Amended Notice of Removal does not allege facts grounding a viable federal officer defense.  Remand is warranted.

### 2.   Defendants have produced no evidence grounding a federal officer defense.

Nor did Defendants' Amended Notice of Removal, or their opposition to Plaintiffs' remand motion, include any evidence supporting a federal officer defense.[23] Thus they have not met their burden of establishing federal officer jurisdiction.  This Court must remand the matter back to state court.

### D.   Plaintiffs are Entitled to the Costs of Bringing this Motion.

An award of attorney's fees is authorized by the removal statutes: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[24] Attorney's fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal."[25]

As noted above, Defendants lacked any objectively reasonable basis to remove. Not only did they fail to allege facts sufficient to make "plausible" a federal enclave or federal officer defense, but they offered no evidentiary support for either defense— in their Notice of Removal or in their opposition to remand.  As such, their removal smacks of a litigation strategy aimed at defeating Davidson's state-law trial setting preference, and increasing the probability that he will pass before his day in court. See Parker Decl. (Dkt # 5-1), Ex. A, Motion for Preference and Supporting Documents;

---

[23] *Leite*, *supra*, at 1121; *Fisher v. Asbestos Corp.*, 2014 WL 3752020, at *3 (C.D. Cal. July 30, 2014).
[24] 28 U.S.C. § 1447(c).
[25] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ex. C, Court Register of Action and Tentative Advancing the Hearing Date and Granting the Motion for Preference.[26]

Because attorneys' fees are the only mechanism to forestall gamesmanship of this sort, the Court should reward them to Davidson in this case.

### III.   CONCLUSION

Based on the foregoing, as well as all other papers and evidence submitted, Plaintiffs respectfully request the Court to remand this case to where it originated, Alameda County Superior Court, and to award Plaintiffs the costs and attorney's fees incurred in filing this motion.

Dated: November 3, 2016

Respectfully submitted,
WEITZ & LUXENBERG, P.C.

By: _____
    BENNO ASHRAFI
    JOSIAH PARKER
    Attorneys for Plaintiffs

---

[26] Cal. Code. Civ. Proc., § 377.34; *County of Los Angeles v. Superior Court*, 21 Cal.App.4th 292, 295-96 (1999) (noting that a party's pain and suffering damages are not recoverable in a wrongful death trial).

- 10 -