UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVIDSON, et al.,<br>Plaintiffs,<br>v.<br>ALCATEL-LUCENT USA INC., et al.,<br>Defendants. | Case No. 16-cv-05766-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 5 |

A defendant's notice of removal is subject to the same pleading standard as a plaintiff's complaint. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.), *cert. denied*, 135 S. Ct. 361 (2014); *see also* Fed. R. Civ. Pro. 8(a)(1). Detailed factual allegations aren't required, but "a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite*, 749 F.3d at 1122; *see also Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). The defendants have failed to meet this burden.

The defendants assert federal enclave jurisdiction, but they haven't plausibly alleged that a federal enclave was the locus of any of the Davidsons' causes of action. *See In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012). Enclaves can indeed be created by reservation. *Ft. Leavenworth R. Co. v. Lowe*, 114 U.S. 525, 532 (1885). And the Alaska Statehood Act does indeed "reserve" federal land used for military installments at the time of Alaska's statehood. Alaska Statehood Act, Pub. L. 85–508, § 11(b), 72 Stat. 347 (1958). But these accurate statements of law, divorced from the facts of this case, don't add up to a conclusion that Mr. Davidson's work at Fort Yukon Air Force Base establishes federal enclave

jurisdiction. The defendants don't allege that the federal government actually owned the land in Fort Yukon at the time Alaska became a state. Opp. (Dkt. 14) at 4; *cf. Ballard v. Ameron Int'l Corp.*, No. 16-CV-06074-JSC, 2016 WL 6216194, at *3 (N.D. Cal. Oct. 25, 2016). And they don't allege any facts suggesting that Mr. Davidson's three years in Alaska – out of a two-decade period of alleged asbestos exposure – sufficed to make the Fort Yukon military facility the site of the Davidsons' claims. *See Ballard*, 2016 WL 6216194, at *3.

The defendants' argument for federal officer removal is no better supported. *See generally Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). On the causal nexus element, the defendants never state outright – in a plain, indicative sentence – that any of their predecessors in interest operated under federal direction. Opp. (Dkt. 14) at 5-6 ("[A]ny services . . . provided to military bases in France or Germany would have been provided under the direction and supervision of the United States government . . . ."). The Court is again left with the impression that the defendants' argument rests on assumptions they haven't yet investigated. Nor do the defendants offer any facts – the names of the military bases, the time or nature of Mr. Davidson's work, or the history of the defendants' relationship with the federal government – that might enable the Court to supplement the defendants' speculation with reasonable inferences in their favor.

As for their colorable federal defense, the defendants cite military contractor immunity and a pair of federal statutes. Opp. (Dkt. 14) at 6-8; *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); 42 U.S.C. § 1651; 50 U.S.C. § 4557. But they fail to allege certain requirements of *Boyle* immunity. And the remainder of their argument amounts to an abstract recitation of elements. For example, the defendants give no hint of what "reasonably precise specifications" the federal government imposed, or of when, where, or to what they applied. And their references to the Defense Base Act and the Defense Production Act consist entirely of an abridged restatement of the statutes with the defendants' names inserted. Opp. (Dkt. 14) at 7-8.

Challenged on the conclusory nature of their removal notice, the defendants attempt to shift their burden to the Davidsons. They stress the difference between facial and factual

challenges to removal, noting that facial challenges – like 12(b)(6) motions – proceed under an assumption that the nonmoving party's factual allegations are true. *Leite*, 749 F.3d at 1121. But this is beside the point. As in the 12(b)(6) context, assuming the truth of factual allegations doesn't mean eviscerating the threshold pleading burden. *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("[T]he defendant always has the burden of establishing that removal is proper."). Factual allegations must always be "well-pleaded." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action" don't benefit from the assumption of truth because they're essentially nothing more than "legal conclusion couched as [fact]." *Id.* at 678; *Twombly*, 550 U.S. at 555.

The defendants have had ample opportunity to allege facts in support of removal. Their removal notice, amended removal notice, and opposition to remand instead offer "legal conclusion couched as fact." The Davidsons' motion is granted, and this case is remanded to Alameda County Superior Court.

Each side will bear its own costs.

**IT IS SO ORDERED.**

Dated: December 7, 2016

VINCE CHHABRIA
United States District Judge